# No. 22-5113

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

OSCAR STILLEY,
Defendant-Appellant,

v.

UNITED STATES,
Plaintiff-Appellee.

ON APPEAL FROM THE JUDGMENT OF
THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA
JUDGE STEPHEN P. FRIOT
No. 09-CR-43

### ANSWERING BRIEF OF THE UNITED STATES

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*
S. ROBERT LYONS                          (202) 305-6512
*Chief, Criminal Appeals and Tax*
  *Enforcement Policy Section*
KATIE BAGLEY                             (202) 616-3854
JOSEPH B. SYVERSON                       (202) 305-6508
ELISSA HART-MAHAN                        (202) 305-7397
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 972*
  *Washington, DC 20044*

*Of Counsel:*
CLINTON J. JOHNSON
  *United States Attorney*

**Oral Argument Not Requested**

# TABLE OF CONTENTS

                                                                    **Page**

Table of Contents ..................................................................... i
Table of Authorities .................................................................. ii
Statement of Related Cases........................................................ iv
Jurisdictional Statement ..............................................................1
Statement of the Issue ..................................................................2
Statement of the Case ..................................................................2

      A.    Defendant's Criminal Case.....................................2
      B.    Defendant's 28 U.S.C. § 2255 Petition ...................4
      C.    The Revocation Proceedings ..................................5
      D.    The Revocation Hearing...........................................7
      E.    Post-Revocation Proceedings ...............................12

Summary of Argument ................................................................13
Argument ....................................................................................14

      The District Court Properly Revoked Defendant's Supervised
      Release........................................................................14

      Standard of Review ......................................................14
      A.    The District Court's Revocation of Defendant's
            Supervised Release Was a Proper Exercise of the
            Court's Discretion ...............................................15
      B.    Defendant's Arguments Fail ...............................18
            1.    Defendant may not challenge the 2010
                 judgment in this proceeding ......................19
            2.    The district court made the necessary factual
                 findings and fully explained its revocation
                 judgment ....................................................21
            3.    The district court properly presided over the
                  revocation proceedings...............................23

Conclusion....................................................................................29
Statement Regarding Oral Argument.............................................29
Certificate of Compliance .............................................................30
Certificate of Digital Submission ...................................................31

# TABLE OF AUTHORITIES

**Cases:** Page(s)

*Bottone v. United States*,
   350 F.3d 59 (2d Cir. 2003) ................................................20

*James v. United States*,
   366 U.S. 213 (1961).........................................................22

*United States v. Cate*,
   971 F.3d 1054 (9th Cir. 2020) .........................................20

*United States v. Contreras-Martinez*,
   409 F.3d 1236 (10th Cir. 2005) .......................................18

*United States v. Engles*,
   779 F.3d 1161 (10th Cir. 2015) .......................................20

*United States v. Griggs*,
   130 F. App'x 303 (11th Cir. 2005) ..................................26

*United States v. Irvin*,
   820 F.2d 110 (5th Cir. 1987) ..................................... 21, 22

*United States v. Johnson*,
   861 F.3d 474 (3d Cir. 2017) ...................................... 24, 26

*United States v. Merritt*,
   16 F.3d 1222, 1994 WL 43438 .........................................21

*United States v. Mike*,
   632 F.3d 686 (10th Cir. 2011) .........................................21

*United States v. Pena*,
   537 F. App'x 801 (10th Cir. 2013) ..................................18

*United States v. Smith*,
   121 F.3d 701, 1997 WL 543376 (4th Cir. 1997) ..............21

*United States v. Springer*,
   *et al.*, 444 F. App'x 256 (10th Cir. 2011) ................passim

*United States v. Steele*,
   603 F.3d 803 (10th Cir. 2010) .........................................18

*United States v. Turner*,
   88 F. App'x 307 (10th Cir. 2004) ....................................21

*United States v. Vasquez-Perez*,
   742 F.3d 896 (9th Cir. 2014) ...........................................26

*United States v. Warren*,
  335 F.3d 76 (2d Cir. 2003) ...............................................................19

**Statutes:**

18 U.S.C. § 371.................................................................................. 2, 16
18 U.S.C. § 3231...................................................................................1
18 U.S.C. § 3553(a) ......................................................................... 11, 15
18 U.S.C. § 3553(a)(1) ..........................................................................17
18 U.S.C. § 3583(e).............................................................................15
18 U.S.C. § 3583(e)(3)..........................................................................15
18 U.S.C. § 3583(h)..............................................................................16
18 U.S.C. § 3605 ............................................................................. 5, 24
18 U.S.C. § 3742 ..................................................................................2
18 U.S.C. § 3559(a)(4)..........................................................................16
26 U.S.C. § 7201 ..................................................................................3
28 U.S.C. § 292(b)...............................................................................24
28 U.S.C. § 1291 ..................................................................................2
28 U.S.C. § 2255 ......................................................................... 4, 19, 20

**Rules:**

10th Cir. R. 25.5..................................................................................31
10th Cir. R. 32(B).................................................................................30
Fed. R. App. P. 4(b) ...............................................................................2
Fed. R. App. P. 32(a)(5)........................................................................30
Fed. R. App. P. 32(a)(6)........................................................................30
Fed. R. App. P. 32(a)(7)(B)....................................................................30
Fed. R. App. P. 32(f).............................................................................30
Fed. R. Crim. P. 32.1............................................................................24
Federal Rule of Criminal Procedure 32.1(a)(2) ......................................6
USSG §7B1.4.......................................................................................17

## STATEMENT OF RELATED CASES

Pursuant to Tenth Circuit Rule 28.2(C)(3), counsel for the United States state that defendant Oscar Stilley has had two prior appeals in this Court: Case No. 10-5057, defendant's direct appeal, affirmed by *United States v. Springer, et al.*, 444 F. App'x 256 (10th Cir. 2011); and Case No. 22-5000, defendant's appeal of the district court's dismissal of his 28 U.S.C. § 2255 petition, dismissed on June 6, 2022, *available at* 2022 WL 1929112.

Stilley's co-defendant, Lindsay Springer, has filed numerous appeals in this Court: Case Nos. 09-5165, 10-5101, 10-5055, 10-5156, 11-5053, 13-5062, 13-5113, 14-5047, 14-5109, 14-5111, 15-5109, 18-5104, and 20-5000.

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

No. 22-5113

OSCAR STILLEY,

Defendant-Appellant,

v.

UNITED STATES,

Plaintiff-Appellee.

_____

ON APPEAL FROM THE JUDGMENT OF
THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA
JUDGE STEPHEN P. FRIOT
No. 09-CR-43

_____

ANSWERING BRIEF OF THE UNITED STATES

_____

## JURISDICTIONAL STATEMENT

The district court (Hon. Stephen P. Friot) had jurisdiction over this

criminal case pursuant to 18 U.S.C. § 3231.  The district court entered its

judgment revoking defendant Oscar Stilley's supervised release on

November 23, 2023. (1ROA at 738-45.) [1] Defendant timely filed a notice of appeal on December 8, 2023, which contained a sworn declaration that he mailed it from prison on December 5, 2023. (1ROA at 748.) Fed. R. App. P. 4(b), (c). This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the district court acted within its discretion when it revoked defendant's supervised release and sentenced him to three more months of imprisonment, where the evidence established that defendant violated two release conditions and the sentence imposed was at the bottom of the Guidelines range.

## STATEMENT OF THE CASE

### A. Defendant's Criminal Case

In 2009, defendant was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of

---

[1] "[Vol.] ROA" refers to the record on appeal filed in this Court on January 25, 2023. "[Vol.] Supp. ROA" refers to Volumes 1, 2, and 3 of the supplemental record on appeal filed in this Court on April 20, 2023, and Volumes 4, 5, and 6 filed on May 2, 2023. "Br." refers to defendant's opening brief.

tax evasion, in violation of 26 U.S.C. § 7201. (1ROA at 40-53.) The indictment alleged that defendant conspired with co-defendant Lindsay Springer to defraud the United States and helped Springer evade Springer's tax obligations. (*Id.*) Springer and defendant were tax defiers who promoted illegal tax evasion schemes, charged fees for providing "legal and tax advice to individuals embroiled in tax disputes," and used defendant's client trust account to conceal income from the IRS.[2] *See United States v. Springer, et al.*, 444 F. App'x 256, 259-60 (10th Cir. 2011) (per curiam). A jury convicted defendant and Springer on all counts. (1ROA at 56.)

In 2010, the district court sentenced defendant to 180 months' incarceration, to be followed by three years of supervised release. (1ROA at 86-91.) The court ordered defendant to pay restitution totaling $776,280. (*Id.* at 90.) The court imposed several conditions of supervised release, including the disclosure of defendant's financial information, the monitoring of defendant's computer activity (including the installation of

---

[2] Defendant was an attorney; he was disbarred after his conviction in this case. *See Springer*, 444 Fed. App'x at 159.

remote monitoring software), and the disclosure of usernames and passwords for defendant's email and other internet accounts. (*Id.* at 89.)

This Court affirmed defendant's convictions and sentence on direct appeal. *See Springer*, 444 F. App'x at 259. Defendant did not challenge the restitution judgment, the term of supervised release, or any of the conditions of supervised release on direct appeal. *Id.* Defendant's criminal conviction became final in 2011. (1ROA at 562.)

## B. Defendant's 28 U.S.C. § 2255 Petition

In 2021, defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (1ROA at 567.) The district court dismissed defendant's petition as untimely, noting that he filed it almost 10 years after his conviction became final. (1ROA at 562-564.) This Court denied defendant's request for a certificate of appealability and dismissed his appeal. (1ROA at 567-69.) This Court noted that, even accepting defendant's allegations of the improprieties surrounding his direct appeal, his petition "fails to explain why he waited almost nine years after the limitations period expired to file his petition." (*Id.* at 568.)

## C. The Revocation Proceedings

Defendant began his term of supervised release on August 10, 2022. (1ROA at 637.)   The district court transferred jurisdiction over defendant's supervised release from the Northern District of Oklahoma to the Western District of Oklahoma, pursuant to 18 U.S.C. § 3605.[3]  (1Supp. ROA at 5.)

On August 24, 2022, a petition was filed alleging that defendant had violated the special condition of supervised release involving computer restrictions; the district court issued a summons directing defendant to appear to answer to the petition.  (3Supp. ROA at 2, 5.)  An amended petition was filed on September 7, 2022, alleging three more violations: a failure to provide financial information, a failure to provide online account information and passwords, and a failure to complete the required monthly supervision report.  (2ROA at 5-8.)  One day later, the probation office filed a violation report that explained the alleged violations in detail. (3Supp. ROA at 7-9.)

---

[3] Defendant was prosecuted in the Northern District of Oklahoma, but because all the district judges in that district were recused, the case was assigned to the Honorable Stephen P. Friot of the Western District of Oklahoma.  (1ROA at 3-4, docket entries 9, 24.)

On September 12, 2022, defendant filed motions questioning Judge Friot's authority to preside over the case and moving to vacate the transfer of the case to the Western District of Oklahoma.  (1ROA at 631-33; 1Supp. ROA at 16-26.)  The district court issued an order explaining that Judge Friot had authority to preside due to a cross-designation order issued by the Chief Judge of this Court; the court did, however, transfer the case back to the Northern District of Oklahoma.  (1ROA at 635-37.)

After the transfer, the district court scheduled the revocation hearing for November 21, 2022.  (1ROA at 37, docket entry 740.)  On November 16, defendant filed a motion for an initial appearance before a magistrate judge pursuant to Federal Rule of Criminal Procedure 32.1(a)(2).  (1ROA at 638-40.)  The district court denied the motion, reasoning that an initial appearance was unnecessary because defendant already demonstrably knew all the information that would be imparted at the appearance. (1ROA at 642-43.)

On November 20, the day before the hearing, defendant filed numerous motions, including a motion seeking the appointment of standby counsel (1ROA at 644-46), a motion to disqualify Judge Friot (*id.* at 647-54), a motion to quash the summons and dismiss the case for lack of

jurisdiction (i*d.* at 683-89), a motion for discovery and evidence (*id.* at 707-11), a motion for "a true and correct record" (*id.* at 712-21), and a motion to clarify and modify the conditions of supervised release (*id.* at 723-37).

### D. The Revocation Hearing

The district court began the revocation hearing by addressing defendant's motions. The court denied the motion to disqualify Judge Friot because Chief Judge Tymkovich issued a cross-designation order on December 9, 2021, which authorized Judge Friot to preside in the Northern District of Oklahoma for the 2022 calendar year. (6Supp. ROA at 52; *see also* 1ROA at 671-82.)

Next, the court considered the motion to appoint standby counsel. The court identified several problems with the motion: the lawyer that defendant requested as standby counsel was no longer on the CJA panel, defendant was "not particularly receptive" to other counsel, the motion was not accompanied by evidence of financial inability to retain counsel, and the motion was filed the day before the hearing, even though defendant had received notice of the petition over two months earlier. (6Supp. ROA at 53-54.) The court concluded that the motion appeared to be "an ill-conceived attempt to manipulate the process and derail this

hearing," but granted defendant leave to file a supplement indicating whether he would be open to other appointed counsel, whether his finances qualified him for appointed counsel, and whether he was prepared to compensate appointed standby counsel. (*Id.* at 54-55.)

The district court then denied defendant's motion to quash the summons and dismiss for lack of jurisdiction. The court held that both the Western and Northern Districts of Oklahoma possessed subject-matter jurisdiction in this case. (6Supp. ROA at 56.)

Before addressing defendant's remaining motions, the district court gave defendant a chance to avoid going forward with the revocation hearing. The court explained that the conditions of supervised release at issue are "the law of the case" because defendant did not object to them at sentencing in 2010, so the only issue before the court was whether he violated those conditions. (*Id.* at 57.) The court then offered defendant an opportunity to "wipe the slate clean" and continue on supervised release if defendant would agree to comply with the conditions of supervised release going forward. (6Supp. ROA at 58-59.) At defendant's request, the court allowed a recess for defendant to consult the government, the probation office, and the CJA attorney who was present. (*Id.* at 59-62.)

After the recess, the government explained that it had reached a tentative agreement with defendant about his compliance with the conditions of supervised release, pending the district court's resolution of defendant's motions. (6ROA at 64-66.) But when defendant made clear that he would not unequivocally agree to comply with the conditions and sought to continue litigating them and other issues he had raised, the district court determined that it was necessary to go forward with the revocation hearing. (*Id.* at 65-68.) The court clarified that it would defer ruling on defendant's motion to modify his release conditions and denied the remaining motions for an early presentence report, discovery, and a "true and correct record." (*Id.* at 65, 68-69.) Defendant requested a 15-day continuance to retain counsel, which the court denied, finding that the revocation allegations had been pending for over two months, during which defendant knew that he had the right to retain counsel. (*Id.* at 70.)

The government then presented testimony from U.S. Probation Officer Ryan Forsyth, who had been supervising defendant in the Western District of Arkansas. (6Supp. ROA at 71-72.) Officer Forsyth testified that defendant was aware of all the conditions of supervised release to which he was subject upon his release from prison and that defendant violated the

four conditions of supervised release as detailed in the amended petition.

(*Id.* at 72-73.)  Officer Forsyth explained that defendant refused to allow the installation of monitoring software on his electronic devices and declined to provide his account usernames and passwords despite repeated requests.  (*Id.* at 74-77.)  Officer Forsyth also testified that defendant failed to disclose his bank accounts, assets, and monthly income and expenses.

(*Id.* at 78-91.)  Instead of accurately completing the forms that required this information, defendant replied "5th Amendment" to many questions.  (*Id.*).

Defendant cross-examined Officer Forsyth at length but offered no evidence of his own.  (*Id.* at 92-129.)

After hearing argument, the district court found that defendant violated two supervised release conditions: the electronic monitoring software condition, and the condition requiring defendant to provide usernames and passwords for his online accounts.  (6Supp. ROA 138-52.)

The court found that these violations did not implicate the Fifth Amendment and that the government had proven the violations "beyond a reasonable doubt."  (*Id.* at 149.)  The court also found that defendant had failed to comply with the financial reporting and supervision report conditions but decided to leave those violations "pending and

unadjudicated" because of defendant's Fifth Amendment allegations and the pending motion to modify those conditions. (*Id.* at 147-50.) The court then invited defendant to supplement his modification motion, giving him 21 days to do so. (*Id.* at 150-51.)

Next, the district court considered the appropriate sentence. The government argued for two years' imprisonment with no supervised release, on the ground that incarceration was necessary and that defendant's "total noncompliance" had wasted the resources of the U.S. Probation office. (6Supp. ROA at 152-54.) Defendant contended that the maximum available term was one year of imprisonment and requested a stay of whatever sentence was imposed or home confinement. (*Id.* at 154-64.) The court considered the 18 U.S.C. § 3553(a) factors and the Guidelines Chapter 7 policy statements and imposed a sentence of three months' incarceration, to be followed by 33 months of supervised release, which was at the bottom of the Guideline range of three to nine months. (*Id.* at 165-68.) The court reimposed the same conditions of supervised release, denied defendant's request for a stay, and remanded defendant to the custody of the marshal. (*Id.* at 169-70.) The court entered judgment on

-12-

November 23, 2022 (1ROA at 738-45),[4] and defendant filed his notice of

appeal on December 8, 2022 (1ROA at 748).

### E. Post-Revocation Proceedings

After this appeal was docketed, defendant moved to remand the case

to the district court and for release pending appeal; the government

opposed both motions. This Court denied release pending appeal and

referred the motion for remand to the merits panel. Defendant also moved

to recall the mandate in his direct appeal (Case No. 10-5057), which this

Court denied.

After defendant failed to supplement his motion to modify

conditions within the allotted 21 days, the district court denied the motion

without prejudice. (1ROA at 749-50.) Defendant completed his three

months of incarceration on February 17, 2023, and in March 2023 he filed a

new motion to strike all the special conditions of supervised release.

(4Supp. ROA at 59.) The government opposed the motion but proposed

modifying the computer monitoring provision to permit defendant to use

unmonitored devices at work, subject to approval by the U.S. Probation

---

[4] The judgment reimposed defendant's existing restitution obligation
from his 2010 conviction. (1ROA at 744.)

Office.  (*Id.* at 60-61.)  The district court issued an order adopting this modification, which noted that it was favorable to defendant under Rule 32.1(c)(2)(B).  (*Id.* at 53-67.)  The court also dismissed the two pending violations relating to defendant's failure to provided required financial information, hoping that defendant would "make a fresh start on supervision."[5]  (*Id.* at 62.)

## SUMMARY OF ARGUMENT

The district court properly exercised its discretion to revoke defendant's supervised release.  The record fully supports the court's determination that defendant violated two special conditions of supervised release: the requirement that defendant allow the installation of remote monitoring software on his electronic devices and the requirement that he provide U.S. probation with his internet usernames and passwords.  The district court made appropriate factual findings, considered the factors

---

[5] The district court thus denied as moot a motion defendant had filed seeking a ruling that the financial disclosure conditions violated the Fifth Amendment.  (1ROA at 62.)

required by statute and this Court's case law, and imposed a sentence at the low end of the Guidelines range.

Defendant's contrary arguments are meritless. Most challenge his underlying conviction and his direct appeal, but those arguments are not properly before this Court, because a defendant may not attack his underlying conviction and sentence in a revocation proceeding. His argument that the district court failed to make the required findings conflicts with the record. And the district court judge was authorized to preside over the revocation proceedings because this Court properly designated him to preside in the Northern District of Oklahoma.

## ARGUMENT

### The District Court Properly Revoked Defendant's Supervised Release

#### Standard of Review

This Court reviews a district court's decision to revoke supervised release for abuse of discretion. *United States v. Shakespeare*, 32 F.4th 1228, 1232 (10th Cir. 2022).

## A. The District Court's Revocation of Defendant's Supervised Release Was a Proper Exercise of the Court's Discretion

The district court's revocation of defendant's supervised release was proper: the record establishes that defendant violated the two conditions of supervised release at issue, the district court considered the 18 U.S.C. § 3553(a) factors and Chapter 7 policy statements, and the court imposed a sentence authorized by statute.

The supervised release statute, 18 U.S.C. § 3583(e)(3), grants a district court the authority to revoke a defendant's term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The court must consider several of the 18 U.S.C. § 3553(a) factors in making this determination, including the nature and circumstances of the offense, the need for deterrence and protection of the public, and the Sentencing Guidelines range and policy statements. 18 U.S.C. § 3583(e).

The statutory maximum sentence under § 3583(e)(3) depends on the offense of conviction. Here, the maximum authorized term of supervised release for a conspiracy to defraud the United States was three years, and the maximum possible term of incarceration upon revocation of supervised

release was two years.  *See* 18 U.S.C. §§ 3559(a)(4), 3583(a), (e)(3); 18 U.S.C.

§ 371.  The statute further provides that, when a district court revokes a

defendant's supervised release and imposes a term of imprisonment, the

court "may include a requirement that the defendant be placed on a term

of supervised release after imprisonment."  18 U.S.C. § 3583(h).  This new

term of supervised release "shall not exceed the term of supervised release

authorized by statute for the offense that resulted in the original term of

supervised release, less any term of imprisonment that was imposed upon

revocation of supervised release."  *Id.*

Here, the evidence proved that defendant violated two of the special

conditions of supervised release that were imposed as part of his criminal

sentence.  The two conditions at issue here are the requirement that

defendant allow the installation of remote monitoring software on his

electronic devices and the requirement that he disclose all email accounts

and internet connections and devices (including usernames and

passwords) to the probation officer.  (1ROA at 89.)  The evidence presented

at the hearing, namely the testimony of Officer Forsyth, demonstrated that

defendant knew of these requirements and failed to comply with them.

(6Supp. ROA at 71-77.)  Officer Forsyth testified that defendant told him he

"would not agree to the installation of the [monitoring] software," and that, despite multiple requests, defendant "never provided the login or password information for . . . any of [his] accounts." (*Id.* at 76-77.) The district court found Officer Forsyth's testimony "very credible" and found that defendant's violations of these conditions had been proven not merely by a preponderance but "beyond a reasonable doubt." (*Id.* at 147-49.)

The district court thoroughly explained its reasons for sentencing defendant to three months' incarceration, to be followed by a new term of 33 months' supervised release. (6Supp. ROA at 165-67.) The court cited the nature and circumstances of the offense and the history and characteristics of defendant (18 U.S.C. § 3553(a)(1)), relying especially on the fact that defendant was convicted of tax fraud and had preyed on vulnerable people who had tax problems, enriching himself "without any regard for their well-being." (*Id.* at 166.) The court also considered the need to deter the defendant from further misconduct (§ 3553(a)(2)(B)) and to protect the public "from further criminal, fraudulent and predatory activity on your part" (§3553(a)(2)(C)). (*Id.*) The court noted that, under USSG §7B1.4, the recommended Guidelines range was 3 to 9 months'

incarceration and that the 3-month term of incarceration imposed was at the bottom of the Guidelines range. (*Id.* at 168; *see also* 3Supp. ROA at 7.)

This sentence complied with the applicable statutes and accords with this Court's precedents. *See, e.g.*, *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) (in revocation proceedings, district court must consider statutory sentencing factors but need not recite "magic words"); *United States v. Steele*, 603 F.3d 803, 807-09 (10th Cir. 2010) (revocation sentence was procedurally and substantively reasonable when district court considered required factors and imposed a sentence that was within the statutory limits); *United States v. Pena*, 537 F. App'x 801, 805 (10th Cir. 2013) (affirming within-Guidelines revocation sentence, when district court properly found facts, considered required factors, and considered but rejected defendant's arguments in favor of a lower sentence).

## B. Defendant's Arguments Fail

Defendant identifies at least 16 issues in his brief, but these issues primarily relate to his underlying criminal proceedings. Defendant repeatedly asserts that he was improperly convicted, was not given an opportunity to appeal, and that the government and the district court

"perpetrate[d] a fraud upon the court" during trial and direct appeal. (Br.

2-4; 30-67.) Defendant may not re-litigate his direct appeal in this

proceeding, and his challenges to the revocation sentence and the district

court's authority are meritless.

### 1. Defendant may not challenge the 2010 judgment in this proceeding

This Court has repeatedly recognized that defendant was convicted

of the offenses charged in the indictment, that he unsuccessfully appealed

those convictions and his sentence, and that his 28 U.S.C. § 2255 petition

was untimely. *See, e.g.*, *Springer*, 444 F. App'x at 259-67; 1ROA at 567-72

(describing defendant's conviction, direct appeal, untimely § 2255 petition,

and denying COA); 2/13/23 Order (Case No. 22-5113). And this Court

denied defendant's recent motion to recall the mandate in his direct appeal.

4/14/23 Order (Case No. 10-5057).

Undeterred, defendant once again attempts to challenge his original

convictions and sentence here. But he cannot use an appeal from the

revocation of his supervised release to challenge his underlying conviction

or sentence. *See United States v. Warren*, 335 F.3d 76, 78–79 (2d Cir. 2003)

("[T]he validity of an underlying conviction or sentence may not be

collaterally attacked in a supervised release revocation proceeding and

may be challenged only on direct appeal or through a habeas corpus

proceeding.") (collecting cases); *United States v. Cate*, 971 F.3d 1054, 1058

(9th Cir. 2020) ("[A] supervised release revocation proceeding similarly is

not a proper forum in which to challenge an underlying conviction."); *see*

*also United States v. Engles*, 779 F.3d 1161, 1162–63 (10th Cir. 2015)

("Defendant cannot collaterally attack his state court conviction under the

guise of an appeal from his supervised release revocation."). Defendant

has already challenged his convictions on direct appeal and via a 28 U.S.C.

§ 2255 petition; his current revocation appeal does not allow him to

circumvent the limits on second or successive habeas petitions. *Cf. Bottone*

*v. United States*, 350 F.3d 59, 63 (2d Cir. 2003) (defendant "cannot evade the

successive petition restrictions of 28 U.S.C. § 2255 . . . by framing his claims

as a motion to recall the mandate"). This Court should thus decline to

consider defendant's challenges to his conviction and sentence.[6]

---

[6] The sentence imposed in 2010 includes the restitution order, which
defendant seeks to challenge (Br. 63-64) in this appeal. Defendant did not
challenge the restitution order on direct appeal, and this Court affirmed
defendant's convictions and sentence. *See Springer*, 444 F. App'x at 259-67.
As discussed above, defendant cannot use an appeal from the revocation of

(continued…)

## 2. The district court made the necessary factual findings and fully explained its revocation judgment

Defendant seemingly argues (Br. 30-33) that the district court relied on improper factors and failed to find the necessary facts when imposing sentence at the revocation hearing. But the record demonstrates that the district court carefully explained its reasons for revoking defendant's supervised release and for the sentence that it imposed.

During the revocation hearing, the district court explained its reasons for including the special conditions of supervision as part of the original sentence imposed in 2010 and noted that defendant raised no objection to those conditions at sentencing. (6Supp. ROA at 138-45.) The court went through the factors that this Court identified in *United States v. Mike*, 632

---

his supervised release to attack the restitution order imposed as part of that sentence. *See, e.g.*, *United States v. Turner*, 88 F. App'x 307, 311 (10th Cir. 2004) ("[W]e hold that Mr. Turner's challenge to the legality of his original sentence is barred by his failure to timely raise the issue on direct appeal."); *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir. 1987) (defendant who failed to challenge restitution on direct appeal was foreclosed from challenging restitution in revocation appeal); *United States v. Smith*, 121 F.3d 701, 1997 WL 543376, at *1 (4th Cir. 1997) (per curiam) (unpub.) (failure to challenge restitution before revocation proceeding effected waiver); *United States v. Merritt*, 16 F.3d 1222, 1994 WL 43438, at* 2 (6th Cir. 1994) (unpub.) (same).

F.3d 686 (10th Cir. 2011), for imposing supervised release conditions that monitor or restrict a defendant's use of computers. The court explained why the defendant's offense conduct justified the conditions that required the monitoring of defendant's electronic devices and the provision of online account information, which the court acknowledged were intrusive. (6Supp. ROA at 141-45.) The facts the court relied on included that defendant used his client trust account as "an instrument of fraud" to benefit defendant and his co-conspirator, that defendant used his legal training to further the conspiracy's tax fraud objective and to conceal his offenses, that defendant seemed determined to continue his fraudulent conduct, and that defendant both committed tax fraud and "mercilessly fleeced some very vulnerable people."[7] (*Id.*) And, as the court noted, defendant used computers and the internet to commit his crimes. (*Id.* at 144.)

---

[7] Defendant suggests (Br. 33) that this "theft theory" conflicts with defendant's conviction for tax offenses. This argument fails to recognize that stolen funds constitute taxable income. *See James v. United States*, 366 U.S. 213, 219–20 (1961). There is no inconsistency in the court's finding that defendant both committed tax fraud and defrauded his clients.

The district court also made clear that it was not relying reflexively on its findings from 2010; instead, it had considered defendant's conduct and determined that he was likely to continue his fraud. (6Supp. ROA at 165-66.) The court determined, therefore, that an additional term of supervision, with the same release conditions, was necessary to ensure that defendant was complying with the law. (*Id.*)

And contrary to defendant's assertion (Br. 33), the district court found facts indicating that defendant had violated the conditions of supervised release at issue. As noted, the court determined that the probation officer's testimony was "very credible," found that the violations were "clearly established," and concluded that defendant's violations were willful. (6Supp. ROA at 145-50.) These findings, as explained above, are fully supported by the evidence.

### 3. The district court properly presided over the revocation proceedings

Although defendant contends (Br. 46-51) that Judge Friot was not authorized to preside in the Northern District of Oklahoma, he concedes (Br. 47-48) that this Court has issued annual cross-designation orders appointing Judge Friot to preside in the Northern District. (1ROA 655-82.)

These orders were authorized by 28 U.S.C. § 292(b), which permits the chief judge of any circuit to "designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." Defendant cites no authority suggesting that the cross-designation that allowed Judge Friot to preside over defendant's revocation proceedings in the Northern District was improper or otherwise defective merely because this Court had also designated Judge Friot to preside in the Northern District in earlier years. The district court properly denied defendant's challenge to its authority.

Defendant's suggestion (Br. 48-49) that the district court's transfer of the case to the Western District and the transfer back to the Northern District was improper ignores the effect of 18 U.S.C. § 3605. This section contemplates both that the sentencing court has jurisdiction over a defendant during supervised release and that jurisdiction may be transferred to a different district. *See also United States v. Johnson*, 861 F.3d 474, 479 n.18 (3d Cir. 2017) (recognizing that a probation office in one district may supervise a releasee on behalf of a probation office in a different district); Fed. R. Crim. P. 32.1 (contemplating the transfer of a person on supervised release to a district with jurisdiction). When

defendant objected to the district court's transfer under § 3605 to the Western District, the district court transferred the case back to the Northern District. Because defendant was tried and sentenced in the Northern District, there was no issue with the revocation proceedings occurring in that district. And even if there were an issue with the initial transfer to the Western District, any error was harmless, as defendant clearly received notice of the petition and summons, was able to raise his objections in the Western District, and ultimately effected a transfer of the case back to the Northern District. (1Supp. ROA 7-10, 16-26, 53-55.)

Defendant's assertions (Br. 49-50) that the district court inappropriately rushed the proceedings by denying him an initial appearance and standby counsel find no support in the record. In denying defendant's request for an initial appearance, the district court properly found that defendant knew of the allegations against him and the revocation procedures, as evidenced by the multiple motions he filed in response to the petition and the summons. (1ROA 642-43.) Defendant does not challenge this finding on appeal, but, in any event, the court correctly held that an initial appearance was unnecessary when defendant was already in possession of the relevant facts and knew about the

procedural rules at issue. (*Id.*, citing *United States v. Griggs*, 130 F. App'x 303, 305 (11th Cir. 2005); *United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014).) And for that reason, any error in the decision not to hold an initial appearance was harmless, as nothing in the record suggests that an initial appearance would have changed the outcome of the proceedings.

As for defendant's claim regarding standby counsel, he moved for the appointment of standby counsel the day before the revocation hearing, even though he had received notice of the amended petition two-and-a-half months earlier. (6Supp. ROA at 54-55.) The district court found that defendant's motion lacked critical information about whether defendant was financially qualified for court-appointed counsel and whether defendant was open to a different attorney than the one who had assisted him at trial. (*Id.*) The court left the motion pending and invited defendant to supplement his filing, but it declined to immediately grant the motion because it was "an ill-conceived attempt to manipulate the process and derail this hearing." (*Id.* at 55.) The district court, moreover, gave defendant an opportunity to consult a CJA attorney present at the courthouse when the court offered to call off the revocation hearing if defendant would agree to comply with his release conditions going

forward.  (*Id.* at 57-62.)  Under these circumstances, defendant has demonstrated no abuse of discretion in the district court's decision to reserve judgment on the motion for appointed standby counsel and to proceed with the revocation hearing.

Finally, defendant's allegation (Br. 46, 50) that the district court "declined to keep his own word" when it offered him an opportunity to avoid the revocation hearing likewise conflicts with the record.  The court informed defendant that it would call off the revocation hearing and allow him to continue on supervised release if he agreed to comply with all the conditions of supervised release going forward.  (6Supp. ROA at 58-59.) But when it became clear that defendant wanted to reserve the right to file additional motions challenging the validity of the conditions of supervised release, the district court proceeded with the hearing.[8]  (*Id.* at 65-68.)  The court's approach was consistent throughout, and defendant cannot demonstrate error, let alone an abuse of discretion.

_____

[8] The court made clear several times that it would consider a properly supported motion to modify the conditions of supervised release.  (6Supp. ROA at 66-67, 118, 150.)

In sum, this Court should reject defendant's improper attempts to relitigate his underlying conviction, which this Court affirmed in 2011. The district court's revocation of defendant's supervised release was fully supported by the evidence, complied with applicable law, and resulted in a sentence at the low end of the Guidelines range.

## CONCLUSION

The judgment of the district court should be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the United States respectfully inform the Court that we

do not believe that oral argument is necessary in this case.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

s/ Elissa Hart-Mahan

| | |
|---|---|
| S. ROBERT LYONS | (202) 305-6512 |
| *Chief, Criminal Appeals and Tax* | |
| *Enforcement Policy Section* | |
| KATIE BAGLEY | (202) 616-3854 |
| JOSEPH B. SYVERSON | (202) 305-6508 |
| ELISSA HART-MAHAN | (202) 305-7397 |
| *Attorneys* | |
| *Tax Division* | |
| *Department of Justice* | |
| *Post Office Box 972* | |
| *Washington, DC 20044* | |

*Of Counsel:*
CLINTON J. JOHNSON
  *United States Attorney*

MAY 31, 2023

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type-Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B):

[X]   this brief contains 4,751 words, **or**

[ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[X]   this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Book Antiqua 14, **or**

[ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

Date: May 31, 2023          s/  Elissa Hart-Mahan_____
                            Elissa Hart-Mahan
                            Attorney for the United States
                            P.O. Box 972
                            Washington, DC 20044
                            (202) 305-7397
                            elissa.r.hart@usdoj.gov

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Microsoft Windows Defender, and according to the program are free of viruses.

Date: May 31, 2021     s/ Elissa Hart-Mahan
                                  Elissa Hart-Mahan
                                  Attorney for the United States
                                  P.O. Box 972
                                  Washington, DC 20044
                                  (202) 305-7397
                                  elissa.r.hart@usdoj.gov