UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES                    PLAINTIFF/APPELLEE

V.          **Tenth Circuit Appeal No.  22-5113**
(OKND Criminal 4:09-cr-43 SPF-2)


OSCAR STILLEY                    DEFENDANT/APPELLANT


**OSCAR STILLEY'S SECOND MOTION FOR
RELEASE PENDING APPEAL**


Comes now Appellant Oscar Stilley (Stilley) and for his second

motion for release pending appeal, and states:

1.      The government opposes the relief sought herein.

2.      Stilley has already served a 3 month prison sentence on revocation

of supervised release, commenced November 21, 2022.

3.      Stilley is currently serving a 33 month term of supervised release,

which commenced when he left prison on or about February 17, 2023.

4.      Supervised release is "official custody" within the meaning of

applicable statutes and case law.

5.      This term of supervised release includes special conditions which

render him virtually unemployable for jobs consistent with his BSBA in

Administrative Management. This is true even after the District Court modified the special conditions.

6.     Stilley has a fully briefed appeal, under the captioned case number.

7.     Stilley's first point on appeal was insufficiency of the evidence.

8.     The government didn't even pretend to set forth any evidence arguably sufficient to support the criminal judgment and punishment.

9.     Stilley's fourth and last point on appeal claimed "fraud upon the court" which would prevent the judgment from becoming final.

10.    The government put forth neither law nor facts to rebut any of Stilley's claims of "fraud upon the court."

11.    Absent a successful challenge to Stilley's claim of "fraud upon the courts," the government's claim that Stilley is barred, by statute of limitations or otherwise, is legally frivolous.

12.    Stilley has expensive medical and dental needs. Stilley can't earn enough money to pay for the necessary care so long as the special conditions remain outstanding. Stilley has abscessed teeth because the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP) refused to provide essential dental care in a timely fashion. Stilley's dentist has

told him that this condition could literally kill him. He has untreated arthritis of his left knee, that prevents him from working a normal 40 hour week at manual labor.

13.   Stilley incorporates his opening brief and reply brief, as if set forth word for word herein, to the extent not contrary to law or rule or the interests of Stilley.

WHEREFORE, Stilley respectfully requests that this Court release Stilley from any supervision or other punishment whatsoever, pending a decision on the merits on the appeal; alternatively that this Court release Stilley from compliance with the special conditions, pending a decision on the merits on the appeal; and for such other and further relief as may be appropriate, whether or not specifically requested.

## VERIFICATION

Oscar Stilley by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.


/s/ Oscar Stilley                    August 16, 2023
                                     Date

# BACKGROUND

This litigation has a long history. Stilley has made extensive efforts to get his right to one direct appeal. All these efforts were unsuccessful.

This Court has had 3 logical opportunities to say that Stilley has already prosecuted the one direct appeal to which he was and still is by law entitled. The first time was at the end of Stilley's futile efforts to get his one direct appeal in 2010-2011. Opening brief page 11-12.[1] The second time was in 2022 on a motion to recall the mandate filed in an appeal seeking inter alia a certificate of appealability for Stilley's 2255 motion. This motion was denied in a footnote to the order denying certificate of appealability. The last time (in a 2023 motion filed in 10-5057) is discussed at Opening Brief page 24.

[1]    Unless otherwise stated, references to an opening, answering, or reply brief refer to the appellate briefs related to the captioned appeal, 10th Circuit 22-5113. References to the underlying 10th Circuit appeal # 10-5057 record are specifically identified by the number 10-5057. Docket items refer to those at District Court in this criminal case, unless otherwise noted. "Document #" followed by a 12-digit number refers to filings on the docket of the captioned appeal. Trial transcripts are referenced by date and page, revocation transcripts as "Revocation TR." Most but not all references are supported by links to the document and page referenced, allowing the reader to positively identify the document.

To this Court's credit, on all 3 occasions the Court refrained from making such a false statement.[2] It would be exceedingly difficult to make such a statement with a straight face, in light of the fact that Stilley has upgraded the official 10-5057 docket with ordinal numbers and links. If Stilley had filed an opening brief, it would be apparent on the record. Stilley didn't file an opening brief, but did file a pleading adopting parts of Springer's appeal brief. 10-5057 Dkt. 44.

Stilley's co-defendant Lindsey Kent Springer filed an opening brief in his appeal, 10th Circuit 10-5055. Springer's brief *did not* include a challenge to the sufficiency of the evidence. That much is apparent from the table of contents of that brief.

The District Court ordered that Stilley and Springer be incarcerated separately. It is scarcely deniable that this was done as part of an attack on the litigation capabilities of both defendants.

Upon coming to home confinement, Stilley filed a motion for compassionate release under 18 USC 3582(c)(1)(A)(i). The District

---

[2]     Insinuations don't count – especially where, as here, the Court never makes the statement when directly challenged.

Court denied this motion on grounds that the motion was effectively an attack on the underlying conviction. Dkt. 700.

Stilley filed a motion under 28 USC 2255. Dkt. 701. The District Court "dismissed" that motion as untimely, without analyzing the merits of his claims for a tolling of the statute of limitations. Dkt. 719, pg. 4.

Upon coming to supervised release August 10, 2022, Stilley was told that he had to install monitoring software on his computer and phone, turn over login names and passwords, etc. Stilley sought opportunity to challenge these conditions civilly, before compliance. US Probation told Stilley that even if he filed the motion to lift the special conditions immediately, he had to also *comply immediately*.

The District Court found Stilley guilty and sent him directly to the Tulsa County Jail (David L. Moss Criminal Justice Center). Stay of imposition of sentence, home confinement, or opportunity to self report for the service of any sentence, were denied. Revocation TR pg. 122.

Stilley filed a written motion to this Court, requesting a "stay of execution of sentence pending appeal," which this Court construed as a "motion for release pending appeal." Stilley mailed the pleading on 1-

12-2023. When the pleading failed to show up on the docket within 2 weeks, Stilley mailed it again. It therefore shows up on the docket as Document 010110805056, filemarked 1-27-2023, and also as Document 010110808903, filemarked 2-6-2023. Contrary to the docket, the latter was not an "amended" motion.[3] This was a second copy of the original pleading, mailed because Stilley concluded that the pleading had been stolen by jail personnel.[4]

This Court on 2-13-2023 entered an order identified as Document # 010110812339. Applying 18 USC 3143, this Court opined that "Mr. Stilley has failed to identify a substantial question of law or fact likely to result in reversal."

## REVERSAL IS LEGALLY INESCAPABLE

At this point in time Stilley is identifying multiple undeniable and inescapable questions of law and fact that *mandate* reversal. Stilley now has access to the record and is capable of performing this task.

---

[3]     Both copies of the pleading have a copy of the same envelope. It is hardly possible that both copies were sent in the same envelope. It has only first class one ounce postage, and two copies would be way over an ounce.
[4]     The jail's mail officer, Officer Herman, is a notorious mail thief. He stole some of Stilley's incoming mail, and seriously delayed other mail. Furthermore, inquiry of other inmates disclosed that this behavior is habitual, not anomalous.

The government has tacitly conceded that Stilley is not and **cannot** be guilty of the offenses charged. Furthermore, the government's own cited case law makes it clear that "actual innocence" may be raised and argued, for the purpose of attacking a revocation of supervised release. Not less than 4 cases cited by the government, either directly or as embedded cites, stand for this proposition. *Bottone v. United States*, 350 F.3d 59 (2d Cir. 2003); *United States v. Turner*, 88 Fed. Appx. 307 (10th Cir. 2004); *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).[5]

### Sufficiency of the Evidence is Not Addressed

How did the government make this tacit admission? The government doesn't even have a section of its answering brief devoted to question of the sufficiency of the evidence. Look at their table of contents. No such entry exists. In fact, *not one* of their primary headings corresponds with *any* of Stilley's 4 primary headings in his Opening Brief.

---

[5]     *Cox* and *Schlup* are embedded in *Turner*. Stilley Reply Brief at 17.

Tables of contents aren't optional. They are *required* by [Fed. R. App. P. 28(a)(2)](#).

Stilley at page [16 of his reply brief](#) cited *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) for the proposition that judges aren't pigs, hunting for truffles. The same principle is in operation with respect to tables of contents. Litigants – especially prosecutorial agencies – aren't authorized to play "hide the ball" with respect to the substance of their arguments.

Let's make this simple. The government's pretrial theory of the case was that Springer earned money and didn't file returns, confess the earnings as income,[6] and pay taxes on them. Consider the following verbatim quotes, all from government pleadings, all with links directly to the quote:

1) [Dkt. 93, pg. 12-13](#): "…prosecution was brought as a result of evidence that Defendant Springer ***earned*** income during the years in question for legal services or paralegal services, and failed to file tax returns or pay taxes on that income…"

---

[6]     Modifiers such as "gross" income, or "taxable" income aren't essential here.

2) [Dkt. 119 pg. 2](): "The *theory of liability* in this case is simple; Defendant Springer **earned** his livelihood assisting individuals with tax matters."

3) [Dkt. 126, pg 5](): "With regard to Defendant Springer, Revenue Agent Miller is expected to testify, in sum and substance, … the amount of income **earned** by Defendant Springer during the prosecution years and otherwise…"

(All emphases added)

According to Yahweh our Elohim, every matter is to be established at the mouth of two or three witnesses. [Deut. 19:15](). Stilley has a working copy of [694-4](), a 58 page timeline.[7] However, it is not this Court's duty or prerogative to comb the record for material that might help the government out of a tight spot. It is *the government's* obligation to cite record evidence contrary to Stilley's propositions – if they can.

The government on March 3, 2010, at page 3 of its [Objections]() to the Presentence Reports of Springer & Stilley confessed that the "theft theory" was the only plausible theory in support of the jury verdicts.

---

[7] The embedded links were corrupted during the filing process. Therefore it is impossible to provide access to a version with both filemark headers and working links. Thus the use of a document without filemark headers.

Special Assistant US Attorney (SAUSA) Charles O'Reilly in those

Objections stated:

> All of Defendant Springer's income was generated from his elaborate con, defrauding numerous individuals with false promises and enticements in order to separate them from their money. In addition, the jury verdict indicates that the jury found that Defendants **Springer and Stilley stole money from Mr. Patrick Turner**. Had the jury found that Defendant Springer borrowed from Mr. Turner, **the jury would have acquitted Defendants** of the tax evasion count for 2005. Their return of a guilty verdict with respect to that count, corroborated by the evidence at trial, proved that Defendant Springer and Defendant Stilley, utilizing wire communications, stole $250,000 from Mr.Turner during 2005.
> (Emphases added)

The government didn't differentiate between one count and

another, pretrial. Their theory was that Springer *earned* money, and

didn't pay taxes on it. Plus, the District Court ruled that everything

would be "fish or fowl," in other words there would be no allocation

partly to earnings and partly to something else. TR 11-04-09, pg. 1881.

That means Stilley had a *legal duty* to pay the money over to

Springer. If Stilley had a *legal duty* to pay over the money, it cannot

consistent with due process *also be a crime* for him to pay it over.

*Gross v. Burggraf Const. Co.* makes it clear that the appellant has

a ***non-negotiable legal duty*** to cite to the record, in support of his

propositions. Therefore, in depriving Stilley of access to some 4,000 pages of the record *guaranteed* that Stilley couldn't attack the sufficiency of the evidence. How do you cite to the record **when you don't even have the record**? Stilley was in the position of deciding how he wanted to lose.

The 10-5057 panel confessed, as it must, that Stilley had a legal right to file an opening brief. Consider the options presented to Stilley by the 10-5057 panel in [Docket #39](), verbatim from the docket[8] save for breaking them out and numbering them:

> Order filed by Judges Kelly and Gorsuch. Appellant's claims of being ***denied access to legal research materials*** and appellee's response have been considered and the court ***will not direct the appellee to provide*** appellant with additional ***materials***. Appellant will have to elect ONE of only four options within which to continue this appeal.
> 1) He may have appointed counsel (no further pro se filings would be accepted),
> 2) he may adopt the opening brief of his co-defendant in 10-5055,
> 3) he may choose to adopt his co-defendant's brief AND file a supplemental brief with 14 days of service of appellant's brief limited to 7000 words, or
> 4) he may file his own brief ***in compliance with court rules***.
> (Emphases added)

---

[8]    For the terms of the order proper, click through to the order and go to page 2.

The panel effectively confessed that the adoption of a co-defendant's brief is ***not*** an appellant's opening brief. Adoption of a co-defendant's brief is option #2. Option 3 is a combination adoption of Springer's brief, along with an appellant's opening brief of half the normal length. Option 4 is to simply file Stilley's pro se appellant's opening brief of not more than 14,000 countable words. That is *not the same* as any of the other options presented.

The panel forthrightly stated that the brief must be *in compliance with court rules*. [Fed. R. App. P. Rule 28(a)(8)](#) requires that the argument must contain "…appellant's contentions and the reasons for them, ***with citations to*** the authorities and ***parts of the record on which the appellant relies…***" (Emphases added) This requirement is amplified in [10th Cir. R. 28.1](#), which not less than twice requires the "precise reference" to key information from the official record. In the same place at subparagraph (2) the rule provides:

> (2)    Record. In cases without an appendix, references to the record ***should be to the record volume and page number*** (e.g., ROA, Vol. II, at 6). References to the transcript should be by volume and page number.
> (Emphasis added)

Stilley on 5-25-2010 complained from Tulsa County Jail that he was limited to two manila envelopes of legal materials. [10-5057 Dkt. 9, pg. 3](#). On 8-2-2010, he complained from federal prison that he wasn't allowed to receive and possess hard copy of legal papers, including roughly 4,000 pages of docket items. [10-5057 Dkt. 20, pg. 2](#). On 12-9-2010 Stilley requested a judicial determination of how he might avail himself of the process to which he is due, etc. This motion for judicial determination incorporates all prior requests. [10-5057 Dkt. 34, pg. 3-4](#). See also *Id.* at page 8.

The Court ordered the government to respond. [10-5057 Dkt. 37](#). The government responded. [10-5057 Dkt. 38](#). The sum and substance of their argument consisted of two claims. First, Stilley waived the right to "…access to a law library or *other legal materials*," (emphasis added) by claiming his indisputable constitutional right to proceed pro se. *Id.* @ 2, also 8-9. Second, Stilley hadn't exhausted his administrative remedies. *Id.* @ 7-8.

Consider two key points on the order. First, the panel *did **not*** specifically rule as to who was right and who was wrong. Second, the

10-5057 panel didn't address the merits of Stilley's claim of right to a copy of the official record as defined by [Fed. R. App. P. 10(a)](), *at all*.

The government's claims, if given credit, render the constitutional right to proceed pro se altogether illusory. The government's core claims were laughable. Nevertheless, the panel declared that it would not direct the government to provide Stilley with "additional materials."

That was and still is a total red herring. Stilley didn't ask the government for any "additional materials." He asked for an order to command the government to quit obstructing *Stilley's efforts* to receive, possess, and use *his own materials*. That's a totally different question. When you read the government's cited cases, you see an example of an individual in a jail without a law library, with the government saying it is too difficult for *the government* to provide one.

Stilley's copy of the district court docket and docket items was printed and bound by his own paid personnel – not by the government. Stilley's legal research databases and subscriptions were his, purchased at not inconsiderable expense to himself.

Stilley asked for opportunity to brief the Court after the conclusion of administrative remedies and any necessary litigation to

follow. [10-5057 Dkt. 57](). Stilley made it clear that he was consistently denied access to a set of the docket items, trial exhibits, etc. The 10th Circuit panel denied the motion. [10-5057 Dkt. 58]().

From jail to the end of the original appellate process, Stilley has repeatedly complained about the lack of access to the official record, as defined by [Fed. R. App. P. 10](a). *Nobody has ever denied the truth of these assertions*.

Stilley attempted to exhaust administrative remedies for the duration of his confinement in federal prison, which lasted more than 10 years. The government claimed that although Stilley attempted over 50 administrative remedies, he exhausted none. Stilley demonstrated this at page [13-14 of his Opening Brief](). The government had not one word of rebuttal in their ["Answering" Brief]() – because *they can't*. Stilley backed up his claims with citations to official court records.

Nobody has ever claimed that a competent attack on the sufficiency of the evidence is *possible* under the limitations imposed on Stilley by his adversary, the US Department of Justice. It is *most emphatically* not.

Consider again that in this Court's rules, litigants are instructed to cite *precisely* to the record, using volumes and page numbering applied by the 10th Circuit Court Clerk. That *presumes* that Stilley will be allowed to receive, possess, and use the official record.

Stilley recently downloaded the open parts of the official record in 10-5057.[9] According to the Clerk, there were 2,959 pages of open pleadings, plus 1,011 pages of sealed pleadings, for a total of 3,970 pages of pleadings. 10-5057 Record Page Counts.

Stilley was required to know and understand this record. He was required to cite to the *specific pages* of the record that supported his claims. Yet the government rendered this task an *utter impossibility*.

It gets worse. Stilley in his Opening Brief at page 2 acknowledged the possibility that he might not be able to attack the original judgment. That's issue #2 out of 16. Stilley did not leave open the possibility that the government could shield their revocation judgment from any scrutiny whatsoever, by the cruel expedient of declaring the failure to shoulder the impossible task of challenging the sufficiency of

---

[9]     Filed 7-26-2010 in 10-5057. The district court record is now much larger.

the evidence in the first instance a ***total bar*** to the challenge of any *later* judgment or punishment equally tainted by the insufficiency.

What are we talking about right now? Stilley's liberty ***today***. This Court can sort out the totality of the issues later on, when this case comes up for decision. This specific motion amounts to a challenge to the government's ability to punish Stilley ***today*** for "crimes" that are no less specious than the pretended offenses of Evan Gershkovich, against the government of Russia.

The government got a judgment and commitment order ([Dkt. 752](#)) which included special conditions of supervision. The District Court did in fact make *findings* in support of the special conditions. Counsel for the government was cringing, because he already knew that those findings were 1) unsupported by the record, and 2) utterly *contradicted* by the record.

To his credit, AUSA Jeff Gallant, the face of the prosecution during the revocation proceedings, didn't ask for the special conditions. He knew better. He knew that was a trap for him and for the government. He knew he needed to dodge findings – of any kind – and get the max sentence he could get.

How might we frame the key questions to be decided by this Court, on this motion? Consider the following questions.

1) Can the government *permanently* insulate utterly false *findings and conclusions* from any question of their evidentiary support or lack thereof, by lawlessly stomping out the victim's ability to challenge the evidentiary support for the judgment in the *original* direct criminal appeal?

2) Can the government on revocation proceed on a theory of criminal liability in *irreconcilable conflict with* the one repeatedly espoused by the government pretrial?

The government's own cited caselaw contradicts the government's position, as to the first question. They know better. Plus, the Oath of Office of Oklahoma attorneys prohibits this conduct. [Reply Brf. pg. 8](). That's not a light burden. Basically, Oklahoma lawyers make oath, as *condition precedent* to the issuance of their law license, to *rectify the consequences* of false statements and evidence in legal proceedings. Oklahoma Rules of Professional Conduct for lawyers impose similar obligations.  See e.g. [Okla. R. Prof. Cond. 3.8.]()

Stilley has already cited case law showing that the government is stuck with its pretrial theories of the case. However, it is more fun to show that the government resisted defendants' request for particulars on the very theory that they were required to *strictly adhere to their answers*. Dkt. 42, pg. 8. What they forgot was that they were just as firmly bound by statements of the government's theory of criminal liability made without formal compulsion.

The government had and still has an ethical duty to 1) pick a theory, upon which the government will rely, as to each count of the purported indictment; and 2) confess to this Court that there is no evidence in the record to support a conviction of Stilley on that theory of prosecution. This ethical duty must be discharged no later than the filing of their response to this motion. Remember, the loss of any count of the purported indictment means Stilley is entitled to immediate release from *any and all punishment*, including supervised release.

What if this is not done? An affirmance of the conviction in this case, for all practical matters, means that Stilley can be sent back to prison, on a whim or for spite, based on theories that the government knows to be *contradicted* by the evidence, and *utterly contrary* to law.

Some of the special conditions are impossible of performance. That much wasn't even denied, when Stilley raised the issue at the revocation hearing. Revocation TR 69-70. The District Court ruled that the presence of conditions *impossible of performance* isn't relevant. That leaves the government – and the District Court – with a guaranteed option to retaliate against Stilley for words or deeds which they find offensive. They can retaliate for 1st Amendment protected activities by Stilley, yet claim that their *hands are clean.*

What are the consequences of not getting the relief sought herein? Stilley has been rendered virtually unemployable by the special conditions. Nobody wants to hire someone who is required to disclose all their passwords to federal law enforcement authorities. That simply won't work, in a job that makes use of a degree in administrative management.

The District Court changed the special conditions to permit Stilley to use a computer for work – if US Probation approves it, under terms and conditions fixed by US Probation. The government in *United States v. Sunday*, 447 F. App'x 885, 889-90 (10th Cir. 2012) argued that Mr.

Sunday merely had to ask his probation officer. Dkt. 750, pg. 11. The 10th Circuit didn't buy the argument.

**The Special Conditions Inflict Severe Harm**

Stilley's dentist has told him that the lack of necessary dental care could literally kill him. He needs expensive care on his left knee, to upgrade it to the point of tolerating a normal job.

The government by its lawlessness has launched a "pincer" attack against Stilley. He can't work in employment consistent with his education, because of the special conditions. He can't work a normal job because of his knee. Stilley has already inquired of his medical providers. The knee is likely fixable – for money. Stilley needs money to get medical care that would drastically increase the range of employment that he can take. The government makes sure he doesn't get it.

Stilley needs the relief that he seeks, and he needs it now. Money damages are not an adequate remedy for the loss of life or limb or bodily function. Furthermore, the *Sunday* court cited to another case for the proposition that "[I]mposing a sentence not authorized by law seriously affects the fairness, integrity and reputation of the proceedings.").

If the government is right, it will get the punishment of supervised release *later*. They're not entitled to any punishment whatsoever. There is no logical reason for not granting the relief sought, immediately.

This pleading isn't a request for the Court to give Stilley money or dental or medical care. It is a request that this Court order the government to *get out of the way*, and let Stilley earn his own money. What Stilley makes out of restored liberty is up to Stilley.

Daniel Henninger wrote an article in the Wall Street Journal, 8-3-2023, page A13, entitled "[Rule of Law or No Rules](#)."[10]

> There is also a lot of talk—accurate talk—that to counter its adversaries, the U.S. will need military and economic might. ***But the West's democracies may falter unless beneath all that state power sits a rule of law that their publics see as credible.***
> (Emphasis added)

Stilley included paragraphs 4 and 5 of this pleading for a reason. Stilley alleges that he challenged the sufficiency of the government's evidence – and the government had *not a shred* of evidence to offer, in support of the judgment.

---

[10] Requires a subscription to WSJ to read. Separately titled "Donald Trump, Hunter Biden and the Rule of Law."

**"Fraud on the Court" Precludes Finality**

Stilley likewise included paragraphs 6 and 7 for specific reasons. The government has dodged its duty to reference evidence sufficient to support the judgment, claiming that the judgment is final, and that Stilley can't question it in revocation proceedings.

Stilley's issue #4 is "fraud upon the court." Fraud upon the court means the judgment ***never*** becomes final. Stilley in some 11 pages of argument cited authority to this effect, and record facts sufficient to support his legal theory. The government acknowledged *the existence* of the argument – but cited no law or facts to defeat the claim. Answering Brief at 18. They've ignored "fraud upon the court" altogether, which means that their claim that Stilley can't challenge the sufficiency of the evidence is legally *frivolous*.

Ethically and legally, counsel for the government were duty bound to forthrightly confess that the government has no evidence whatsoever to support 1) the original judgment, Dkt. 338; or 2) judgment on revocation, Dkt. 752; or 3) the special conditions of supervised release under which Stilley is currently burdened. Dkt. 779. They refused to

follow the honorable course, on the theory that the lack of evidence *doesn't matter*.

Except that all 7 of them know, for a fact, that they have *precisely zero evidence* in support of the District Court's findings in support of the *special conditions*. The first question, for the special conditions, can be fairly stated as "what was the offense of conviction?" No matter how the government answers, they lose. A*ny answer whatsoever* utterly destroys the foundation of the special conditions. There is no evidence to support any of the special conditions, *no matter which theory of criminal liability they pick*.

That's why the government, faced with a legal duty, during briefing in the captioned appeal, presented *no evidence* in support the *conclusions* relied upon to justify the special conditions imposed on Stilley. They all know that the *barest attempt* at shouldering that legal burden is fatal to their meritless case.

**CONCLUSION**

This Court should enter an order releasing Stilley pending an order disposing of this appeal, promptly on the conclusion of the briefing of this motion.

Respectfully submitted,


By: /s/ Oscar Stilley                     August 16, 2023
Oscar Stilley                             Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Oscar Stilley by his signature above hereby certifies that on the date stated above he filed this pleading using the CM/ECF system, whereby all interested persons using CM/ECF will be served with this pleading.

## CERTIFICATE OF COMPLIANCE WITH LENGTH LIMITATIONS

 I, Oscar Stilley, by virtue of my signature below as well as the foregoing signature, certify that I produced this brief in the current version of Word, that I have performed a word count, and that this motion has 4,844 countable words, which is less than 5,200 words.


By: /s/ Oscar Stilley