FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 16, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

OSCAR AMOS STILLEY,

     Defendant - Appellant.

No. 22-5113
(D.C. No. 4:09-CR-00043-SPF-2)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **EID**, and **CARSON**, Circuit Judges.

Oscar Amos Stilley appeals pro se the district court's judgment revoking his

supervised release.[1]  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We ordinarily construe pro se parties' filings liberally, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), unless the party is a licensed attorney, *see Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).  Mr. Stilley is no longer a licensed attorney because he was disbarred.  *See United States v. Springer*, 444 F. App'x 256, 259 (10th Cir. 2011).  Although we afford him a liberal construction, he must nonetheless comply with all procedural rules.  *See Garrett*, 425 F.3d at 840.

## I.    Background

In 2010, Mr. Stilley was convicted after a jury trial of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of tax evasion and aiding and abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.  He was sentenced to 180 months' imprisonment, followed by three years of supervised release.  The judgment included special conditions of supervised release, to which Mr. Stilley did not object at sentencing.  We affirmed his convictions and sentence, and his convictions became final on December 11, 2011.  In 2021, Mr. Stilley filed a motion to vacate under 28 U.S.C. § 2255.  The district court dismissed the motion as untimely, rejecting his arguments based on equitable tolling, actual innocence, and the inapplicability of § 2255's one-year limitations period.  We denied a certificate of appealability.

Mr. Stilley began his period of supervised release on August 10, 2022.  His probation officer filed a petition on August 24, 2022, and an amended petition on September 7, 2022, alleging that Mr. Stilley had violated certain special conditions of his supervision, including that he refused to allow the installation of remote monitoring software on his computer and cellphone, and he failed to provide password and login information for online accounts.

The day before his revocation hearing scheduled for Monday, November 22, 2022, Mr. Stilley filed a flurry of motions.  Among other relief, he sought appointment of standby counsel and modification of the special conditions of supervised release.

2

Before taking evidence regarding the alleged violations, the district court offered Mr. Stilley the opportunity to avoid revocation if he would commit to comply with all the existing conditions of supervised release going forward. After the parties conferred, the government represented that it had agreed on one modification to the special conditions and that Mr. Stilley had agreed to comply subject to the district court ruling on his pending motions. Because Mr. Stilley did not unqualifiedly agree to comply, the court proceeded with the revocation hearing.

After evidence and argument, the district court found that two violations had been established. It did not rule on two other alleged violations. Finding that a sentence of up to two years' custody was possible and that the advisory guidelines imprisonment range was three to nine months, the court sentenced Mr. Stilley to three months' imprisonment followed by thirty-three months of supervised release. The court declined to rule during the hearing on Mr. Stilley's motions for standby counsel and modification of the conditions of supervised release, instead giving him additional time to supplement those motions. It denied his other pending motions.

The court entered judgment finding Mr. Stilley guilty of violating two conditions of supervised release, sentencing him to three months' imprisonment followed by thirty-three months of supervised release, remanding him immediately to the custody of the United States Marshal, and reimposing restitution in the amount of $815,874.93. *See* R., Vol. 1 at 738-45. Mr. Stilley completed his three-month incarceration and is serving his new term of supervised release.

3

## II.     Appellate Jurisdiction

Mr. Stilley moves to remand to the district court, arguing the judgment entered after his revocation hearing is not a final order subject to appeal.  He bases this contention on the two alleged violations of supervised release that the district court did not rule on and his motions for standby counsel and modification of the conditions of supervised release that it left pending.  Mr. Stilley cites no authority for the proposition that any of these issues prevented entry of a final judgment on the adjudicated violations.

We have jurisdiction over "final decisions of the district courts."  28 U.S.C. § 1291.  "In criminal cases, as well as civil, the judgment is final for the purpose of appeal when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce by execution what has been determined."  *Berman v. United States*, 302 U.S. 211, 212-13 (1937) (internal quotation marks omitted). "Final judgment in a criminal case means sentence.  The sentence is the judgment." *Id.* at 212.

We are aware of no authority requiring a district court to make a finding on every alleged violation of supervised release before it can enter a final appealable judgment.  *See, e.g.*, *United States v. Daniel*, 209 F.3d 1091, 1092, 1094 (9th Cir.) (affirming revocation of supervised release based on district court finding that one of three charged violations occurred), *amended by* 216 F.3d 1201 (9th Cir. 2000).  A judgment revoking a defendant's supervised release is a final appealable order.  *See United States v. Lonjose*, 663 F.3d 1292, 1300 (10th Cir. 2011).  Moreover, "a

4

'judgment of conviction' that 'includes' a 'sentence to imprisonment' is a 'final judgment.'" *Dolan v. United States*, 560 U.S. 605, 617 (2010) (quoting 18 U.S.C. § 3582(b)). "So is a judgment that imposes supervised release (which can be imposed only in conjunction with a sentence of imprisonment)." *Id.* at 617-18.

The district court could revoke Mr. Stilley's supervised release upon finding by a preponderance of the evidence that he "violated *a* condition of supervised release." 18 U.S.C. § 3583(e)(3) (emphasis added); *see also United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009) ("A district court need only find a single violation to revoke a defendant's supervised release."). The district court found Mr. Stilley guilty of two of the four violations alleged, revoked his supervised release, pronounced his new sentence including imprisonment and supervised release, and entered judgment. Federal Rule of Criminal Procedure 32(k)(1) requires a criminal judgment to set forth the plea, in this case the court's findings, the adjudication, and the sentence. The judgment did so here. Furthermore, execution of the judgment began with Mr. Stilley's incarceration. The district court's judgment in this case "is clearly not lacking in sufficient 'finality' to support an immediate appeal." *Corey v. United States*, 375 U.S. 169, 173 (1963).[2]

---

[2] Mr. Stilley also cites no authority for his assertion that the judgment is not final because, "[o]n the basis of the current record, the District Court could impose an additional sentence of incarceration on the day before [his three-month sentence] concludes, on the basis of [the additional allegations in] the petition to revoke." Am. Mot. to Remand at 8. If Mr. Stilley were correct, he could not appeal the revocation of his supervised release and resulting new sentence unless or until the district court ruled on the additional alleged violations. We are aware of no precedent for such a
(continued)

As to the pending motions, the district court made clear at the revocation hearing that it was denying Mr. Stilley's motion for standby counsel *at that time*, while allowing him to supplement his motion for the purpose of representation at any future proceedings. *See* R., Vol. 6 at 54 (noting that Mr. Stilley's filing of the motion the day before the hearing "causes me to observe that the motion in terms of any impact on today's hearing comes too late").  And Mr. Stilley does not show that the district court improperly treated his motion to modify the special conditions of supervised release as collateral to the revocation proceedings. *Compare* § 3583(e)(3) (revocation of supervised release), *with* § 3583(e)(2) (modification of conditions of supervised release).

We conclude we have appellate jurisdiction and deny Mr. Stilley's motion to remand to the district court.

## III.    Discussion

Mr. Stilley devotes the majority of his opening brief to arguments of error in his original convictions and sentence for fraud and tax evasion.  He also contends that the district court judge lacked authority to preside in his revocation proceedings and erred in reimposing special conditions of supervised release.[3]

---

proposition.  Rather, "[a]n appeal . . . must be taken promptly after sentence is imposed," *Corey*, 375 U.S. at 172, and "certainly when discipline has been imposed, the defendant is entitled to review," *id.* at 174 (internal quotation marks omitted).

[3] To the extent Mr. Stilley mentions other issues in his opening brief, we decline to consider them because they are inadequately presented and insufficiently developed.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); Fed. R.

(continued)

## A.    Collateral Attack on Original Convictions and Sentence

Mr. Stilley attempts to challenge in this appeal of the revocation of his supervised release his original convictions and sentence on fraud and tax-evasion charges.  At least one of the motions he filed before the revocation proceedings sought the same or similar relief.  The district court denied that motion, stating, "It amounts to an attempt to relitigate matters that are merged in the judgment of conviction entered 12 years ago for your fraud and that was affirmed on appeal."  R., Vol. 6 at 65.

On appeal, Mr. Stilley does not develop an argument explaining why, contrary to the district court's conclusion, the validity of his long-final convictions and sentence were before that court in his revocation proceedings or are before this court on appeal from those proceedings.  He notes only his intent to raise such claims of error on appeal "to the extent that such is not inconsistent with law or rule."  Aplt. Opening Br. at 1; *see also id.* at 2 (purporting to challenge the original judgment "if appropriate"); *id.* at 30 (same "to the extent that he is not legally barred from it"). This is not sufficient appellate argument to invoke our review.  Mr. Stilley cites no authority for and fails to frame and develop the proposition.  *See United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006 ) (arguments must be supported by legal authority); *Kelley v. City of Albuquerque*, 542 F.3d 802, 819-20 (10th Cir. 2008)

---

App. P. 28(a)(8)(A) (requiring an opening brief to contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Utah Env't Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived.").

(perfunctory allegations of error are insufficient to invoke appellate review). And we will not craft an argument for him. *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).[4]

Consequently, we decline to address Mr. Stilley's undeveloped contention that he could collaterally attack his fraud and tax-evasion convictions and sentence in proceedings to revoke his supervised release, *see Dodds v. Richardson*, 614 F.3d 1185, 1208 (10th Cir. 2010) (declining to consider a point appellant failed to support with argument), as well as the several arguments of error related to the convictions and sentence that he purports to raise on appeal.

---

[4] Mr. Stilley's opening brief includes a section alleging "fraud on the court" in his criminal prosecution. Aplt. Opening Br. at 56-58. But he does not affirmatively assert or develop a legal argument that he can collaterally attack his fraud and tax-evasion convictions in proceedings to revoke his supervised release by alleging fraud on the court. At the very least, he would need to address our holding that a defendant cannot circumvent the § 2255(h) certification requirements for second or successive motions to vacate by filing a differently styled pleading asserting fraud on the court. *See United States v. Baker*, 718 F.3d 1204, 1207-08 (10th Cir. 2013).

In his reply brief, Mr. Stilley cites *United States v. Thomas*, 135 F.3d 873 (2d Cir. 1998). *Thomas* was an appeal of a sentence imposed on a probation violation, in which the court found the defendant's sentence on her original conviction was illegal, vacated it, and remanded for resentencing on that conviction. *See id.* at 874, 876. There are at least three problems with Mr. Stilley's reliance on *Thomas*. First, his citation comes too late. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (declining to address issue first raised in a reply brief). Second, *Thomas* is not controlling precedent in this circuit. And third, the court's explanation for its authority to review and vacate the sentence on the original conviction in a probation-violation appeal is not persuasive. *See Thomas*, 135 F.3d at 876 (citing 28 U.S.C. § 2106, which presupposes a "judgment . . . lawfully brought before [an appellate court] for review").

## B.     Error in Revocation Proceedings

Mr. Stilley argues (1) the district court judge was not authorized to preside over his revocation proceedings, and (2) the court erred in re-imposing certain special conditions of supervised release.

### 1.     District Court Judge's Authority to Preside

Mr. Stilley moved to disqualify the district court judge for lack of statutory authorization.  Noting that Judge Stephen P. Friot is a district court judge appointed to preside in the Western District of Oklahoma, he argued Judge Friot could not preside over revocation proceedings pending in the Northern District of Oklahoma. The district court denied the motion based on a cross-designation order entered by the Chief Judge of the Tenth Circuit Court of Appeals under 28 U.S.C. § 292(b), which assigned Judge Friot to hold court in the Northern District of Oklahoma during the time period that Mr. Stilley's revocation proceedings were pending.  *See* R., Vol. 1 at 681-82; *see also* 28 U.S.C. § 296 (giving assigned district court judge the powers of a judge of the court to which he is assigned).  Mr. Stilley contends that successive, annual cross-designation orders authorizing judges of the various districts in Oklahoma to hold court in other districts in that state do not constitute temporary assignments, as required by § 292(b).  He concedes there is no authority for this proposition.  We reject Mr. Stilley's contention because the relevant cross-designation order was, by its plain terms, temporary.

## 2.     Special Conditions of Supervised Release

Mr. Stilley challenges the findings the district court made in re-imposing special conditions of supervised release related to occupational restrictions under U.S. Sentencing Guidelines Manual (USSG) § 5F1.5 (U.S. Sent'g Comm'n).  Our local rules require him to identify where this precise issue was raised and ruled on in the district court.  *See* 10th Cir. R. 28.1.  He maintains the district court acknowledged that he objected to these special conditions.  *See* Aplt. Opening Br. at 32 (citing R., Vol. 6 at 139-40).  But after the court made detailed findings at the revocation hearing, Mr. Stilley raised no objection regarding their adequacy.[5]  He therefore failed to preserve this issue for appeal.  *See United States v. Pacheco-Donelson*, 893 F.3d 757, 759 (10th Cir. 2018) (holding substantive objection to special condition of supervised release did not preserve procedural objection on adequacy of findings).  And because he does not argue for plain error on appeal, the issue is waived.  *See United States v. Oldman*, 979 F.3d 1234, 1255 (10th Cir. 2020).

Mr. Stilley also argues the § 5F1.5 special conditions of supervised release do not apply to his offenses of conviction.  He notes that section provides:

> (a) The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation,

---

[5] *Before* the district court made its findings, Mr. Stilley stated, "So, there's a lot of other issues.  The 5.1 findings.  I'm not sure we actually need to go there.  But here's what I'm saying on the U.S. Sentencing Guidelines 5F1.5 if the court actually makes those findings.  There's a problem with the whole thing."  R., Vol. 6 at 137.

business, or profession, or limiting the terms on which the defendant may
do so, only if it determines that:

> (1) a reasonably direct relationship existed between the defendant's
> occupation, business, or profession and the conduct relevant to the
> offense of conviction; and

> (2) imposition of such a restriction is reasonably necessary to protect
> the public because there is reason to believe that, absent such
> restriction, the defendant will continue to engage in unlawful
> conduct similar to that for which the defendant was convicted.

USSG § 5F1.5(a). Mr. Stilley was convicted of conspiracy to defraud the United

States and tax evasion. He does not argue that § 5F1.5 special conditions do not

apply to these particular offenses of conviction. Rather, he contends that because the

government advanced conflicting theories of criminal liability he is innocent of the

crimes charged in the indictment and therefore cannot be subject to § 5F1.5 special

conditions. As this argument attempts to challenge the validity of his original

convictions and sentence, we do not reach it for the reasons previously explained.

## IV.    Conclusion

We affirm the district court's judgment. Mr. Stilley's second motion for

release pending appeal is denied as moot.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge