APPEAL NO. 22-5113

# In the United States Court of Appeals
# for the Tenth Circuit

UNITED STATES                            PLAINTIFF/APPELLEE

v.                     (OKND 4:09-cr-43 SPF-2)
                       (OKWD 5:22-cr-357 F-1)

OSCAR STILLEY                      DEFENDANT/APPELLANT

AN APPEAL FROM THE ORDER AND JUDGMENT 11-23-2022
REVOKING SUPERVISED RELEASE, ETC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

THE HONORABLE STEPHEN P. FRIOT PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**APPELLANT'S PETITION FOR REHEARING
AND REHEARING EN BANC**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

By: Oscar Stilley
10600 North Highway 59
Cedarville, AR 72932
479.384.2303
479.401.2615 fax
oscarstilley@gmail.com

## CERTIFICATE OF INTERESTED PERSONS (FRAP 26.1(d)(2) and 28(a)(1))

Appellate Court No. 22-5113

Short Caption: <u>United States v. Oscar Stilley</u>

1.      The undersigned pro se Appellant, Oscar Stilley, certifies that the following listed persons and entities have an actual, plausible, or potential interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1) Co-defendant Lindsey Kent Springer is not a direct party to this appeal, but may have an interest in this litigation and/or the outcome of this litigation.  Springer's direct appeal (10-5055) was consolidated with Stilley's attempt at a direct appeal, 10-5057. Pursuant to the rules, Springer may be entitled to join part or all of Stilley's appeal.  FRAP 28(i); 10th Cir. R. 31-2.  Appellant Stilley has been instructed by US Probation not to serve Springer with pleadings.

2) Jeffrey Gallant is local counsel to Charles O'Reilly.  O'Reilly is a California attorney.

3) Vani Singhal is an attorney for the Northern District of Oklahoma enforcing the monetary portion of the judgment under attack.  The State of Arkansas, Department of Finance and Administration, will receive the funds collected from Stilley until the alleged "tax losses" of the State of Arkansas are fully satisfied. Ms. Singhal also appeared and shows on the transcript, for the revocation judgment now under review.

4) Jerold Barringer, an attorney from Nokomis, IL, is a former attorney for Lindsey Springer.

5) Government attorneys on the direct appeal of Lindsey Springer, (10-5055) which Stilley was allowed to join, include Frank P. Cihlar, Alexander P. Robbins, and Gregory Victor Davis.

6) Clinton J. Johnson, US Attorney for the Northern District of Oklahoma, has certain duties to supervise Gallant, Singhal, and

a

O'Reilly, over whom he has supervisory control.  Oklahoma Rules of Professional Conduct, Rule 5.1.

7) Charles Robert Burton, IV, was standby counsel for Stilley. Robert Williams was standby counsel for Springer.  Kenneth Snoke participated in the prosecution until his retirement.  Terry Lee Weber was involved as CJA attorney, in some capacity, early in the criminal litigation.

2.     The names of all law firms whose partners or associates have appeared for any party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Appellant is pro se and has been such at all stages of litigation, with the possible exception of Terry Lee Weber – see docket. The appellate docket shows Katie Bagley, Elissa Hart-Mahan, Samuel Robert Lyons, and Joseph Brian Syverson as counsel for Appellee. Clinton J. Johnson was "of counsel" for the government on this appeal. These are in addition to counsel already listed.


Appellant's signature: /s/ Oscar Stilley          Date:  November 13, 2023
Appellant's Printed Name:   Oscar Stilley
Address:  10600 North Highway 59 Cedarville, AR 72932
Phone number:  479.384.2303          Fax Number:   479.401.2615
E-Mail Address:  oscarstilley@gmail.com

TABLE OF CONTENTS

## Contents

**CERTIFICATE OF INTERESTED PERSONS (FRAP 26.1(d)(2) and 28(a)(1))** ...................................................................a

**TABLE OF CONTENTS**................................................................1

**TABLE OF AUTHORITIES**..........................................................2

**I.   STATEMENT OF ISSUES THAT MERIT REHEARING AND REHEARING EN BANC.** ..................................................3

**II.   PETITION FOR PANEL REHEARING AND REHEARING EN BANC**...............................................................................5

   **A.   The government waived any claim that Appellant Stilley failed to preserve his challenge to the sufficiency of the evidence.** ..........................................................................5

   **B.   The panel by making and ruling on its own preservation claims and arguments has become at once the accuser and the decider of Stilley's fate.** ....................................................7

   **C.   That part of the panel opinion that prohibits a challenge to a special condition of supervised release, if it would impugn the underlying judgments, elevates illegal judgments over lawful and just judgments.** ...............................................8

   **D.   The panel's sufficiency of the evidence preservation claim is indisputably contradicted by the record.**...............10

   **E.   The panel by dodging the sufficiency of the evidence argument has put itself and the government lawyers into a legal and ethical corner.**................................................13

**III.   CONCLUSION**..................................................................19

**CERTIFICATE OF SERVICE** ..................................................20

**CERTIFICATE OF COMPLIANCE WITH LENGTH LIMITATIONS**.......................................................................20

## TABLE OF AUTHORITIES

## Cases

*Atkins v. New York City,*143 F.3d 100 (2d Cir. 1998)...............................6

*Burks* v. *United States*, 437 U.S. 1 (1978) ................................................3

*Hudson v. Louisiana*, 450 U.S. 40 (1981) ..................................................3

*U.S. v. Heckenliable*, 446 F.3d 1048 (10th Cir. 2006)..........................3, 6

*United States v. Reider,*103 F.3d 99 (10th Cir. 1996)..............................6

*United States v. Woods,*148 F.3d 843 (7th Cir. 1998)..............................6

## Rules

10th Cir. Rule 35.5 ....................................................................................15

Kansas Rules of Professional Conduct 8.3(a) .........................................16

Oklahoma Attorney's Oath,  Title 5, Attorneys and State Bar, Chapter 1, Appendix 5, Rules Governing Admission to the Practice of Law in the State of Oklahoma........................................................................13

Oklahoma Rule of Professional Conduct 8.3(a) .....................................15

## I.    STATEMENT OF ISSUES THAT MERIT REHEARING AND REHEARING EN BANC.

The panel decision conflicts with various Supreme Court and 10th Circuit decisions, including but not limited to:

*Burks* v. *United States*, [437 U.S. 1](link) (1978)

*Hudson v. Louisiana*, 450 U.S. 40, 43-44 (1981)

*U.S. v. Heckenliable*, 446 F.3d 1048, 1050 n.3 (10th Cir. 2006)

This case involves a challenge to the sufficiency of the evidence. The government made no effort to shoulder that burden. The panel neither showed nor concluded that the evidence was sufficient.

The panel decision evades the question of sufficiency of the evidence, for a specific reason. The evidence is absolutely, categorically insufficient to support the particularized findings of the District Court, in support of 1) revocation of supervised release, 2) special conditions of release following the 3 month prison sentence, and 3) the original conviction, and judgment and commitment order.  The refusal to make findings concerning the sufficiency of the evidence contradicts the first two authorities set forth above.

The third case stands for the proposition that the government "waives the waiver" if it doesn't raise an issue of preservation for appellate review. The government didn't claim or argue that I failed to preserve _**ANY**_ of my issues for appellate review, arising out of the revocation proceedings. Appellant is therefore entitled to a fair, well reasoned decision on the merits.

## II.    PETITION FOR PANEL REHEARING AND REHEARING EN BANC

### A.    The government waived any claim that Appellant Stilley failed to preserve his challenge to the sufficiency of the evidence.

The government didn't even claim that Stilley failed to preserve his issues for appeal. In fact, there is nothing in their response brief to claim that Stilley failed to preserve anything arising out of the revocation proceedings.

They made other arguments, such as the argument, at response brief pages 19-20, that Stilley could not challenge 1) the underlying conviction in 2010, or 2) the restitution obligation from that judgment. They did not argue that Stilley had failed to preserve his right to challenge 1) the sufficiency of the evidence *for revocation*, or 2) the sufficiency of the ***evidence in support of*** the findings relied upon to re-impose the same or similar special conditions of supervised release. They were careful not to address the question of the sufficiency of *that evidence*. They knew that meeting that burden was an utter impossibility.

Their challenges on those two pages were based on caselaw limiting collateral attacks on criminal judgments. That's not the same

as a claim of failure to preserve a challenge to the sufficiency of the

evidence, *for the revocation judgment and punishments*.

They had no valid preservation argument, but even if they did,

they waived it. *U.S. v. Heckenliable*, 446 F.3d 1048, 1050 n.3 (10th Cir.

2006) tells the whole story.

> Defendant concedes he did not challenge the validity of his plea
> before the district court. The Government, however, does not
> argue Defendant waived his present challenge, and accordingly,
> *has waived the waiver*. *See United States v. Reider,*103 F.3d
> 99, 103 n. 1 (10th Cir. 1996); *accord United States v. Woods,*148
> F.3d 843, 849 n. 1 (7th Cir. 1998); *Atkins v. New York City,*143
> F.3d 100, 102-03 (2d Cir. 1998). We will consider the merits of
> Defendant's challenge.
> (Emphasis added)

Appellant Stilley's first issue on appeal was a challenge to the

sufficiency of the evidence. That issue took up 3,453 words. The

remaining issues all together amounted to only 4,296 words. That's

because much of the 13,000-word limit was used up on technical parts

such as laying out the facts – which were overwhelmingly directed to

the issue of insufficiency of the evidence.

In other words, Stilley spent 44.56% of the argument portion of

the brief attacking the *sufficiency of the evidence*.

The government didn't challenge the claim of insufficiency of the

evidence. They didn't even have a *section of the appeal* devoted to sufficiency or insufficiency of the evidence.

The cleverness of the government is impressive. They focused on the ***findings*** in support of amongst other things the special conditions. They studiously avoided discussing the ***evidence in support thereof***. The most beautiful and satisfactory findings are meaningless without sufficient evidence in support. The government hopes that the people who matter either ***cannot*** or ***will not*** make that distinction.

The government didn't claim that Stilley failed to preserve the issue for appeal. The reason for that failure is ***not*** negligence. The reason for that omission is that Stilley ***plainly did preserve*** the issue for appellate review. Careful and competent lawyers won't make such frivolous arguments, because they know that Stilley will utterly annihilate them in the reply.

B.    The panel by making and ruling on its own preservation claims and arguments has become at once the accuser and the decider of Stilley's fate.

Stilley's first chance to challenge the preservation claims is on this petition for rehearing and rehearing en banc. The panel raised the various preservation issues, argued them, and decided them – all in a manner necessary to sustain the judgment against Stilley.

Search the panel's opinion for "insufficiency" and "evidence," and variations thereof. It's not there. The panel made not so much as a ***claim or pretense*** of evaluating the sufficiency of the evidence. They can't, if they want to persist in the punishment of Stilley. The evidence is plainly, incontrovertibly, ***laughably*** insufficient.

Since coming from prison to home confinement in September of 2020, Stilley's litigation has generated documents 693-787, consisting of a total of 777 pages. The vast majority of this litigation involved direct or indirect attacks on the sufficiency of the evidence to convict and sentence.[1]

C.    That part of the panel opinion that prohibits a challenge to a special condition of supervised release, if it would impugn the underlying judgments, elevates illegal judgments over lawful and just judgments.

Part of the panel's decision, distilled to its fundamental essence, holds that a criminal defendant cannot attack special conditions of supervised release, if his theory would necessarily undermine the foundation of the underlying criminal conviction. None of the caselaw cited by the government in their brief, or by the panel in its decision,

---

[1]    The theories and evidence used to ***gain a jury verdict of guilty*** irreconcilably conflicts with the theories and evidence used to enter the judgment and commitment order against Stilley.

supports such a conclusion.

Actually, they were slicker than that. They pretended to believe that the challenge was merely to the "findings" in support of the newly imposed special conditions. Opinion at page 10-11. They knew that Stilley actually challenged the **_evidence in support_** of said findings.

Based on this theory, a criminal conviction based on laughably insufficient evidence is **_more potent and powerful_** than a legitimate and honorable conviction. Why? Because the criminal defendant cannot attack the lawlessness and corruption of his conviction or sentence in revocation proceedings, **_if that defeating_** of the special conditions necessarily implies that the **_underlying conviction is illegal_**.

A criminal who admits to his crime, for example in an unchallenged guilty plea, can in revocation proceedings challenge a special condition on the merits, without any technical limitations. The identical conviction, known and at least tacitly admitted to be a **pure unadulterated fraud**, by both the government and the appellate panel, **_will in fact_** support the **_identical_** special conditions. This is so because anything else would allow a defendant/appellant to *impliedly impugn* a **_fraudulent judgment and commitment_** order.

Please consider what that says about this court. ***Any member of this court in regular service,*** can call for a vote on this petition for rehearing en banc. Such a request, if made, shows up on the record. The lack of such a request proves that the 10th Circuit is in unanimous agreement.

Unanimous agreement as to what? At the very minimum, that an utterly corrupt and fraudulent judgment and conviction both ***is and should be*** more powerful and potent than the most honorable, fair, and just criminal conviction ever entered in any district court within the 10th Circuit.

It doesn't have to be this way. All 12 regular members of this court have both the right and duty to pass on the en banc petition for rehearing. Senior judges Bobby R. Baldock and Carlos F. Lucero have the same rights and duties, by virtue of having been on the panel in this case. All these judges have both the right and the duty ***to vote in conformity with the law and their own conscience***.

### D.    The panel's sufficiency of the evidence preservation claim is indisputably contradicted by the record.

The panel didn't really believe their own story. They concede that Stilley made the proper objections as to the District Court's findings.

10

Order and Judgment, pg. 10. See also Order and Judgment page 7,
where the panel notes that Stilley filed a motion challenging his
original convictions and sentence. Then the panel concludes that Stilley
didn't renew his objections after the findings were made. *Id.*

The problem with that theory is that it is totally, uncontrovertibly
contradicted by the record. Stilley filed pleadings 744-750 the day
before the hearing. Docket # 749 was a motion for a true and correct
record. The District Court started consideration of the motions by
denying the motion for a true and correct record – unsurprisingly, since
Stilley has been fruitlessly seeking a true and correct record since the
first filing after coming to home confinement. Revocation TR pg. 17.
Take a look at the proposed order supplied to the District Court with
respect to Stilley's first substantive pleadings, involving a motion for
reduction of sentence. It's available through a well-marked entry on this
partial docket with links.

At the end of the hearing, the District Court made the same
ruling. Check out this jewel:

> 10    THE COURT: A stay is denied. You are remanded to the
> 11    custody of the marshal. And by the way, ***if I forgot to say it***,
> 12    <u>the motion for a true and correct record at docket entry number</u>
> 13    <u>749 is also denied.</u> You are remanded to the custody of the

14      marshal to begin serving your three-month term today. The stay
15      is denied and home confinement is denied.
16      Court will be in recess.
(Emphases added) ([Revocation TR pg. 122](#))

No, the District Court didn't technically "forget to say it." The District Court just helpfully renewed his ruling, on the basis of the entire slug of pleadings filed the day before. Look at [Docket 749 page 1-2](#), which incorporates the rest of the pleadings filed just before the revocation hearing ([744-750](#)) into 749, subject to certain conditions not relevant here.

Stilley didn't set out to embarrass the panel. The panel *embarrassed itself*, by flouting constitutional due process as well as common sense and its own rules.

There are good reasons for requiring parties – whether appellant or appellee – to raise and argue their claims and issues. Otherwise, the court places parties in the unseemly position of arguing ***with*** the court, rather than ***before*** the court.

Does anyone think Stilley wanted to offend the district court that was about to sentence him? Would anyone on the panel or en banc knowingly offend a district court that could sentence him to no time at all, or 2 years in prison, with scant worry about being reversed?

### E.    The panel by dodging the sufficiency of the evidence argument has put itself and the government lawyers into a legal and ethical corner.

There's another massive problem with the panel's altogether embarrassing effort to get out of this sticky situation. It's called the Oklahoma constitution, more specifically the Oklahoma Attorney's Oath,  Title 5, Attorneys and State Bar, Chapter 1, Appendix 5, Rules Governing Admission to the Practice of Law in the State of Oklahoma, sometimes abbreviated as 5 Okl. St. Chap. 1, Appx. 5, Rule 1. As Stilley carefully explained in his reply brief, the drafters of the Oklahoma constitution were highly suspicious of lawyers – justifiably, as we can see from this case.

Out of twelve judges in active service, three were Oklahoma attorneys, by my research – Robert E. Bacharach, Gregory A. Phillips,[2] and Scott M. Matheson, Jr.

Clinton J. Johnson, sitting US Attorney for the Northern District of Oklahoma, was and is "of counsel" on this appeal. Jeffrey Gallant was local counsel, and prosecuted Stilley in the revocation proceedings. Vani

---

[2]    His name is on the order denying a certificate of appealability in US v. Stilley, 10th Cir. 22-5000. He has multiple sources of knowledge imposing duties under his Oklahoma attorney oath of office.

Singhal assisted.

Bacharach, Phillips, Matheson, Jr., Johnson, Gallant, Singhal and District Judge Friot were all admitted to the Oklahoma bar. By logical extension, we can know that all 7 of these Oklahoma lawyers raised their right hands and solemnly swore that they:

> … will do no falsehood or consent that any be done in court, and if you **know of any** <u>you will give knowledge thereof to the judges of the court</u>, or some one of them, *that it may be reformed*; ... (Emphases added)

This obligation is not imposed *in a vacuum*. It is *imposed for a purpose*. If the lawyer knows of any falsehood, said lawyer is duty bound to raise his or her voice, and to pursue the matter such that the falsehood is reformed. In other words, they have a duty to ensure that the falsehood is *remediated and corrected*.

Admittedly, the government claimed that Stilley "raised no objection" to the special conditions, at the *original sentencing* in 2010. They know how to claim that Stilley failed to raise an issue, or failed to preserve an issue sufficiently for appellate review. In this case, they just **<u>didn't</u>**, with respect to sufficiency of the evidence on ***the revocation proceedings***. They knew that any such argument would be embarrassingly frivolous.

Petitions for rehearing *en banc* are really tough. Unless at least one *en banc* judge asks for a vote, no vote will be taken. That means that at least one of the 12 judges in regular service[3] must raise their hand to say that they think this matter deserves consideration. The obligation to make something happen, in the first instance, falls on all 12 judges. Request a formal vote. That's your ***legal duty***. If you choose not to decide, you ***still have made a choice***. Silence constitutes a ***legal act***.

Please understand why this obligation is so significant. The attorney ethical rules of every single state in the 10th Circuit require lawyers to report ethics violations ***by other attorneys***. Once again, the trigger for an ethical duty is ***<u>knowledge</u>***. Generally the rule will require reporting of "substantial" violations, by whatever language, or simply require reporting, without any limiting modifier. [Oklahoma Rule of Professional Conduct 8.3(a)](#) is an example of a "substantial question" rule.

> Oklahoma Rules of Professional Conduct
> Chapter 1, App. 3-A

---

[3]    Senior judges don't generally vote on en banc petitions. Bobby R. Baldock and Carlos F. Lucero will participate because they served on the panel. See 10th Cir. Rule 35.5.

Maintaining the Integrity of the Profession
**Rule 8.3 Reporting Professional Misconduct**
(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a *substantial* question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.
(Italics emphasis added)

The analogous provision in [Kansas Rules of Professional Conduct 8.3(a)](#) provides as follows:

**(a)** A lawyer having knowledge of any action, inaction, or conduct which in his or her opinion constitutes misconduct of an attorney under these rules shall inform the appropriate professional authority.

Every single time, these provisions come under the heading "maintaining the integrity of the profession." Not every state trusts lawyers to decide what ethics violations raise a "substantial" question about honesty, trustworthiness, etc. Their language reflects a "you report, we decide the substantiality issue" approach.

When a lawyer flagrantly violates the plain language of their own oath of office, repeatedly, both ***before and after*** being shown the plain language of their oath and applicable attorney ethics rules, does that raise a substantial question about the lawyer's trustworthiness or honesty? That's a question that the panel judges must decide. If they

16

won't decide the question, it falls squarely into the lap of all the *en banc* judges.

Stilley didn't run the panel into a corner. The panel ***ran itself*** into a corner. That very fact gives the 11 other judges in regular service another means of discharging their ethical duties.

The *en banc* judges can approach the panel judges with a short conversation that might go something like this.

"Did I do you wrong? Do I owe you an apology? Why pray tell did you ***raise*** and ***rule upon*** an argument not raised by the parties, without fair notice or opportunity for the opposing party to be heard? Why did you pull the pin on this thing and toss it into ***my lap***? By the way, could you just go ahead and grant panel rehearing, and clean up your own mess, well ahead of the deadline for me to vote? Is that too much to ask? I don't want my name on this thing, but then again I don't want to be accused of participating in the deliberate, willful, and unlawful punishment of an innocent man."

Stilley filed a [motion requesting an enlargement of words](#) allowable on the brief, from 13,000 to 18,000 words. This Court entered an [order denying the motion](#). Stilley's [opening brief](#) had 12,986 words,

14 shy of the 13,000 word limit. The government filed a 4,751 word

[response brief](). Stilley's [reply brief]() had 6,459 words, 41 words shy of the

6,500 word limit.

Stilley followed up these pleadings with a blistering 4,844 word

[motion for release pending appeal](). Stilley attacked the foundations and

integrity of the government's case. The government ***filed no response***

***at all***! Why not? Because *they can't*. They know that 1) Stilley is right

in his claims and arguments, and 2) Stilley properly raised them and

adequately developed them in his legal briefs.

Why then the criticism, the accusation that Stilley didn't brief

certain issues up to this court's high standards? It's not true – Stilley

followed the rules and did a perfectly satisfactory job of briefing these

issues, including issues not mentioned in this petition for rehearing and

rehearing *en banc*. Furthermore, so long as this court simply ignores an

issue that takes up nearly half of the argument portion of the brief, why

should anyone expect workmanlike analysis of any remaining issues?

This court doesn't have the right to consider any other issues until the

question of sufficiency of the evidence is resolved.

If that issue isn't considered and decided, at all, there is no logical

basis for believing that any other issues will get fair consideration – on direct appeal, on petition for rehearing, or on any other proper pleading or proceeding in this court.

Stilley has already shown that all the attorneys involved in this case, and all the judges sitting on the bench in this case, have an ethical duty to report, at minimum, attorneys Charles Anthony O'Reilly, Clinton J. Johnson, Jeffrey Gallant, and Vani Singhal to the bar authorities of the state of Oklahoma. Of course, it would make sense to first ask if they intend to persist in their ethical violations, or have a plausible defense for their acts and omissions. Even today, they have the power to lend their voice and their influence in the direction of honor and ethics, rather than lawlessness.

That's a pretty big job, but Stilley has some nice things to assist with a proper ethics complaint. Stilley's 66-page California bar complaint is available for use. If you use it, please tell me – that's important information.

## III.    CONCLUSION

The panel opinion contradicts the US Supreme Court and 10th

Circuit case law set forth in this pleading.  Therefore, this Court should grant rehearing and/or rehearing *en banc*, and overrule the panel opinion with respect to the issues stated herein.

Respectfully submitted,

> By: /s/ Oscar Stilley
> Oscar Stilley
> 10600 N Highway 59
> Cedarville, AR 72932-9246
> 479.384.2303 mobile
> 479.401.2615 fax
> oscarstilley@gmail.com

### CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above as well as the signature set forth below certify that I have this November 13, 2023 by CM/ECF served all parties entitled to service in this case.

By: /s/ Oscar Stilley

### CERTIFICATE OF COMPLIANCE WITH LENGTH LIMITATIONS

I, Oscar Stilley, by virtue of my signature below as well as the two foregoing signatures, certify that I produced this brief in the current version of Word, that I have performed a word count, and that the brief in chief herein has 3,329 words, which is less than 3,900 words.  This count was obtained by starting with statement of issues that merit rehearing and rehearing en banc and continuing until just before the words "Respectfully submitted" at the end of the petition.

By: /s/ Oscar Stilley