NO. 22-5113
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES | APPELLEE/PLAINTIFF |
| V. | CASE NO. 22-5113 (OKND # 4:09-cr-43-2) |
| OSCAR STILLEY | APPELLANT/DEFENDANT |

**OSCAR STILLEY'S VERIFIED MOTION FOR REMAND TO THE DISTRICT COURT FOR THE ENTRY OF A FINAL AND APPEALABLE ORDER**

Comes now Appellant Oscar Stilley (Stilley) and for his motion for remand to the District Court for entry of a final and appealable order and states:

**HOW TO READ THIS PLEADING**

Stilley isn't trying to make a hard job out from an easy one. If the panel reads the first page and decides that this is an easy issue, and that the matter must be remanded – well and good. However, the panel may find some of this information useful in the consideration of a companion pleading filed contemporaneously herewith, seeking stay of execution of sentence.

**LACK OF A FINAL AND APPEALABLE ORDER**

1. The District Court sentenced Stilley to 3 months incarceration on counts 1 and 3 of the petition to revoke supervised release.
2. The District Court left counts 2 and 4 "unadjudicated."

1

3. On information and belief, Stilley is likely to serve all 3 months of his sentence in Tulsa County Jail, aka David L. Moss Criminal Justice Center (DLMCJC). In other words, he isn't likely to be transferred to another institution within the time remaining on his sentence. **JAIL CONDITIONS ARE SO CHAOTIC AND DISORGANIZED THAT IT IS IMPOSSIBLE TO APPEAL, AND FURTHERMORE IMPOSSIBLE TO KNOW THE DISTRICT COURT'S INTENTION AS TO THE MODIFICATION OF THE TERMS OF SUPERVISED RELEASE**

4. Stilley mailed a timely request for extension of time to plead further concerning his request for modification and/or clarification of the conditions of supervised release, on December 13, 2022. Dkt. 763.

5. The District Court denied this motion on December 20, 2022. Dkt. 765. On information and belief, the underlying motion, or at least the issues raised therein, remain unadjudicated.

6. Stilley mailed a motion for extension of time to submit his petition for certiorari, and motion for habeas corpus in aid of the US Supreme Court's jurisdiction, to the US Supreme Court on December 19, 2022. Stilley also mailed two pleadings to the 7th Circuit on December 23, 2022. None of these pleadings have been received by the respective clerks.

7. Stilley talked to the mailroom officer, Detention Officer (Mr.) Herman on January 3, 2023. Officer Herman claimed that he was on vacation and that this mail would be picked up and put in the hands of the US Postal Service, if this hadn't already been done.

8. Officer Herman said he refuses "big" packages based on size, without opening them. Stilley explained that he had a friend prepare and send

2

in the most critical pleadings, without which a competent appeal is laughably impossible. Officer Herman asked how thick it was, and confidently stated that he would have refused the package, unopened, and caused it to be returned to sender.

9. Officer Herman claims to have been on Christmas vacation, and that this explains the failure to pick up outgoing mail or deliver incoming mail near the Christmas holidays. However, this does not explain the fact that Stilley received privileged legal mail on December 20, 2022, that was postmarked the 8th, the 9th, the 12th, and the 16th of December respectively. All this privileged mail was delivered late.

10. It is impossible for Stilley or for this Court to know what the District Court would have done with respect to modifications, if he had known that Stilley had exerted utmost diligence and had asked for additional time.

11. Law library time is limited to the extreme. This jail doesn't sell postage stamps of any kind, (but does sell stamped envelopes) thus limiting Stilley to 5 sheets of paper for this motion. Stilley requests that this Court give leeway for the poor organization, limited facts, etc. Stilley told Officer Herman that nearly all his policies were totally illegal, and asked that they be stopped posthaste. Officer Herman said he would send an email to the responsible attorney, asking for direction. Further discussions have been had, but Stilley at the present time has no way to get the basic legal record in this case. Stilley has been instructed to make more administrative requests.

12. Stilley lives in the Western District of Arkansas (ARWD). US Probation for the ARWD handled direct interaction for the OKND, which had jurisdiction. ARWD US Probation personnel demanded full

access to Petitioner's computer and computer files, through various special conditions which, taken together, would allow the government to do a warrantless search on all of Petitioner's computer files and information.

13. Stilley works for a nonprofit corporation known as REVAMP (Remember Every Victim and Missing Person in US, Inc.). REVAMP assists persons adversely affected by unsolved murders and missing persons cases. REVAMP obtains computer files from governmental investigative and/or prosecutorial authorities, on condition that such information be kept strictly confidential.

14. REVAMP would be forced to fire Petitioner if he breached or threatened to breach the confidentiality of these records.

15. Petitioner is a former Arkansas licensed attorney (Bar # 91096) who practiced law for some 19 years prior to going to prison.

16. Petitioner's special conditions of supervised release would compel him to give the government access to his attorney-client privileged documents, emails, etc.

17. At the hearing 11-21-2022, Judge Friot offered to "clean the slate" and dismiss the revocation petition if Stilley would only comply going forward. He gave the parties a 30 minute break to seek agreement.

18. After the break, Jeff Gallant, counsel for the government along with Charles O'Reilly (who did not appear personally) and Vani Singhal, stated the parties agreement. Mr. Gallant explained that privileged files and information would be maintained at REVAMP's Fort Smith, Arkansas office, and the surveillance would be done on other electronic devices used by Petitioner.

19. Judge Friot abruptly stated that the revocation hearing would have to proceed nevertheless.

20. Petitioner asked for reinstatement of Robert Burton, IV, as standby counsel. Mr. Burton was standby counsel from early in the criminal case through sentencing.

21. This was denied. Petitioner asked for 30 days to seek his own counsel. This too was denied. Every effort to obtain assistance of counsel was denied. Petitioner did however insist that he be informed specifically as required by FRCrP 32.1 concerning his options, so that he could make an informed decision.

22. Petitioner sought the evidence against him as well as the identity of his accuser(s). This too was denied, probably because the real accuser was either Judge Friot or the US Probation officers in OKWD who signed the petition and amended petition to revoke supervised release.

23. Jeff Gallant actually accused Petitioner of being his own accuser, in open court on the record. Petitioner restrained his tongue, rather than ask how Stilley could be expected to cross examine himself without waiving his 5th Amendment right not to be a witness against himself.

24. Judge Friot made no findings of flight risk or merits on appeal. Petitioner barely succeeded in getting Judge Friot to specifically rule on Petitioner's motion for stay pending appeal.

25. Judge Friot denied the motion for less restrictive custody, despite the fact that Petitioner had just completed almost 2 years of home confinement, with an exemplary record.

26. Judge Friot denied 6 motions, without requiring the government to respond to any of them. Now Petitioner is denied access to these documents, because DLMCJC won't deliver the mail.

27. Petitioner cited US Supreme Court Rule 36 and argued it, in writing and orally.

28. Petitioner still has nothing of his pleadings and papers, despite careful efforts to get the relevant pleadings to Petitioner, in DLMCJC.

29. Other meritorious issues exist, sufficient to support an order of stay of execution of sentence pending appeal.

WHEREFORE, Appellant Stilley prays an order remanding this cause to the District Court for the entry of a final and appealable order, addressing and ruling on all pending claims including but not limited to the request to modify or construe the conditions of supervised release, whether original or renewed; and for such other and further relief as may be appropriate whether or not specifically requested.

**VERIFICATION**

I Oscar Stilley by my signature at the end of this pleading, pursuant to 28 USC 1746, declare under penalty of perjury that the facts set forth in the numbered paragraphs above are true and correct.

**BRIEF IN SUPPORT OF MOTION**

## THERE IS NO FINAL AND APPEALABLE ORDER

Few principles of law are better established than 1) the duty of the appellant to establish the appellate court's jurisdiction, and 2) the requirement of a final and appealable order. For example, in *Smith v. United States* (10th Cir. 2017) this Court in a succinct opinion stated as follows:

> Because the contested minute order is not a final appealable order, we lack jurisdiction pursuant to 28 U.S.C. § 1291. See *Catlin v. United States*, 324 U.S. 229, 233 (1945) (a final decision is ***"one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."***). The district court did enter a final appealable order on August 22, 2007, dismissing the case. The Smiths never timely appealed this order. By now, the time for appeal has long since expired. None of the other avenues to jurisdiction applies. We therefore DISMISS this appeal for lack of jurisdiction. We DENY Appellants' Motions for Leave to Proceed in Forma Pauperis. (Emphasis added)

Stilley has received nothing but the preliminary record in the mail. On December 20, 2022 Stilley received from the 10th Circuit Clerk a mail piece dated 12-9-2022, along with three pieces from the Northern District of Oklahoma (OKND) US District Court Clerk 3 pieces dated December 8, December 12, and December 16 respectively. All these mail pieces are "privileged" mail according to the inmate handbook, yet delivered late.

The lack of a final order can be established by docket #751, minutes of proceedings. Stilley was found guilty of counts 1 and 3. Counts 2 and 4 are "unadjudicated." In other words, counts 2 and 4 remain as swords of Damocles, dangling by a thread over Stilley's head.

7

Stilley got 3 months in jail. On the basis of the current record, the District Court could impose an additional sentence of incarceration on the day before that sentence concludes, on the basis of Counts 2 and 4 of the petition to revoke. There is no final and appealable order.

The District Court gave Stilley 15 days to plead further concerning his statutory and/or constitutional right to the assistance of counsel, and 21 days to plead further concerning his proposed modifications of conditions of supervised release. This much is plain from the minutes of the sentencing/revocation hearing.

All the parties agreed that the terms and conditions of supervised release included *impossible* conditions. For example, he was prohibited from using encryption,[1] yet counsel for the government required Stilley to sign up for an encryption service just to get copies of the government's exhibits. Apparently counsel for the government didn't see the contradiction.

Stilley isn't sure if the panel can see the subsequent pleadings. The District Judge appears to have denied the motion for standby counsel, (Dkt. 759) and appears to have denied a motion to extend time to plead further with respect to the issue of counsel. The District Judge also appears to be

---

[1]     Special condition 3(e) and 9. Dkt. 338.

convinced that Stilley is obligated to file yet another motion for modification or clarification of the conditions of release, if he wants any such relief.

Stilley didn't waive his opportunity to plead further. He placed a pleading in the mail on December 13, 2022, requesting an extension of time. He was told to state specifically what language he wanted to see in the special conditions. From jail Stilley cannot even engage in colloquy with US Probation and the US Attorneys, to determine what language is agreed and what is not.

Stilley has discussed this matter with Detention Officer (Mr.) Herman. Officer Herman claims to be the only officer in the mailroom at this jail. He confirmed that mail hasn't been going _**out**_, simply because he took a Christmas vacation and left nobody else to do his work. He also admitted that incoming mail isn't being delivered. He admitted that no one was available to timely pick up my mission critical legal pleadings, and deliver them to the US Postal Service.

Packages the size of those required for Stilley's pleadings – even the limited amount of pleadings directly involved in the revocation/sentencing proceedings, are summarily rejected and returned to sender. Officer Herman admits that he doesn't even give due process notice and right to object in such cases. He said it was a matter of policy.

Stilley is utterly crippled by the conditions of this jail. He cannot reasonably be expected to litigate the remaining claims from the confines of jail.

## CONCLUSION

This Court should remand these proceedings to the District Court for the entry of a final and appealable order, as to all issues properly before the District Court, entered after due process and a full hearing in compliance with applicable court rules.

By: /s/ Oscar Stilley                                    1-12-2023
Oscar Stilley, Inmate # 1189798          Date
David L. Moss Correctional Center
300 North Denver
Tulsa, OK 74103
479.384.2303
oscarstilley@gmail.com

### PRISON MAILBOX RULE CERTIFICATE OF SERVICE

Stilley by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient US postage attached, addressed to the Clerk of the Court for filing and service via CM/ECF. There is no special system for legal mail.



TULSA OK 740
18 JAN 2023 PM 3 L

Clerk
Tenth Circuit Court of Appeals
2 East 14th Avenue
Denver, CO 80203



RECEIVED
JAN 23 2023
Clerk, Court of Appeals

Oscar Stilley #1189798
Tulsa County Jail
300 N. Denver Ave.
Tulsa, OK 74103

80203-211502