NO. 22-5113
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES | APPELLEE/PLAINTIFF |
| V. | CASE NO. 22-5113<br>(OKND # 4:09-cr-43-2) |
| OSCAR STILLEY | APPELLANT/DEFENDANT |

## OSCAR STILLEY'S VERIFIED MOTION FOR STAY OF ~~IMPOSITION~~ EXECUTION OF SENTENCE PENDING APPEAL, WITH INCLUDED BRIEF

Comes now Defendant Oscar Stilley (Stilley) and for his verified motion for stay of ~~imposition~~ execution of sentence pending appeal, and states:

1. The District Court on the record accused Stilley of wanting to go to jail. Stilley spent a considerable period of time trying to explain why he didn't actually want to go to jail.

2. The District Court failed to make any specific findings as to the elements of stay pending appeal. He simply denied the motion for stay, without explanation.

Stilley incorporates the motion for remand for entry of a final and appealable order into this pleading, as if set forth word for word.

**VERIFICATION**

Stilley by his signature at the end of this pleading declares under penalty of perjury pursuant to 28 USC 1746 that the foregoing facts are true and correct.

**BACKGROUND**

1

The organization and logic of Stilley's two pleadings is doubtless odd. This jail sells stamped envelopes. This jail **does not** sell "extra ounce" stamps, or for that matter any stamps whatsoever. The "work-around" chosen by Stilley is to file two motions and incorporate one into the other.

Stilley on 4-23-2010 was sentenced to 15 years, the maximum according to the government and the courts, on 2 counts of tax evasion and one count of conspiracy to defraud the United States, relying on the same facts as the substantive counts. Stilley served 10 years, 4 months, and 10 days of this sentence, in 4 separate Low security prisons and one camp. Then he served almost 2 years on home confinement.

Stilley attempted to appeal[1] but never got the wherewithal necessary for an appeal. He joined his co-defendant's appeal but never filed his own appeal. He attempted to reserve the right to appeal after the limitations preventing him from appealing were removed.

After coming to home confinement, Stilley filed a petition under 28 USC 2255. This was dismissed by the District Court. Stilley appealed. 10th Circuit 22-5000. Both the District Court and the Court of Appeals denied a certificate of appealability.

Stilley tendered a petition for certiorari to the Supreme Court. Supreme Court No. 22A334. Stilley's first petition was returned because the fact that he had appointed standby counsel *at district court* didn't excuse completion and submission of the full form application for *in forma pauperis*. A second effort at *in forma pauperis* was also rejected, once again with 60 days for cure, concluding on or about December 21, 2022.

Stilley placed another motion in the mail, for extension of time to file petition for certiorari, and also for habeas in aid of the court's jurisdiction, on

---

[1] US v. Stilley, 10th Cir. 10-5057.

December 19, 2022. Fundamentally, Stilley argued that Rule 36 of the Rules of the Supreme Court don't allow a change of his custody while the certiorari proceedings are pending. Stilley hasn't yet been able to determine if this pleading was received, despite repeated efforts to call the clerk.

Stilley practiced law for some 19 years prior to going to prison. Upon the commencement of supervised release, Stilley pointed out the fact that the special conditions of supervised release would give the US government access to Stilley's attorney-client privileged emails and communications. Stilley pointed out that this would be highly unethical, and a grave violation of the rights and reasonable expectations of Stilley's former clients.

US Probation admitted that the conditions were not only unethical but also impossible of performance. For example, Stilley was denied the right to use any form of encryption. Yet the government required Stilley to sign up for encryption just to get copies of the government's exhibits at the revocation/sentencing hearing.

**LEGAL TEST FOR STAY PENDING APPEAL**

The legal test for stay pending appeal, set forth in 18 U.S.C. § 3143, provides in pertinent part that release pending appeal should be granted if the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
>
> (i) reversal, ...

**THERE IS NO QUESTION THAT STILLEY ISN'T LIKELY TO FLEE OR POSE A DANGER TO THE SAFETY OF ANY OTHER PERSON OR THE COMMUNITY**

The District Court at the hearing accused Stilley of wanting to go to jail. Stilley was thus forced to explain why this wasn't the truth. Amongst other things he said that his firstborn biological daughter would be married December 30, 2022, and it simply doesn't make sense to try to go to jail just over a month before this important event – or for that matter, ever. However bizarre it may be to accuse a defendant of trying to get *into* the jail, this proves that the District Court doesn't think Stilley is likely to flee.

The government never suggested that Stilley was a danger to any person or the community. There is no suggestion that Stilley committed any crime. Stilley is incarcerated on the basis of a technical violation of special conditions of supervised release. US Probation admits that some of the special conditions are illegal, inappropriate, and/or impossible of performance, and must be modified. Stilley easily meets the first prong of the test.

## THIS APPEAL RAISES SUBSTANTIAL QUESTIONS OF LAW AND FACT WARRANTING PROBABLE REVERSAL

Stilley emphatically is not attempting to argue the merits of his case. He is forced by the statute to show a substantial question of law or fact or both, sufficient for reversal. This is all that Stilley is attempting to do at the present time.

Stilley is operating under absolutely absurd limitations. He doesn't even have the documents that he filed immediately ahead of the hearing. The mailroom at this jail is utterly lawless. He can't get law books delivered. He can't get copies of his own legal pleadings delivered.

Stilley is serving a sentence of incarceration at a jail, under conditions far harsher than those at the federal prisons at which he has been incarcerated. *Heck v. Humphrey*, 512 U.S. 477 (1994) provides that "a § 1983

4

action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."

Stilley seeks the right to effectively prosecute his direct appeal. The law provides him the right to seek a stay, so that he is not unjustly imprisoned simply because it is impossible for him to get a ruling during the period of incarceration. Money damages may be appropriate for loss of liberty, but a defendant should never be intentionally relegated to money damages, when a remedy that protects liberty is available.

## LACK OF JURISDICTION ISN'T CURED BY A TRANSFER

The District Court entered a *sua sponte* order of transfer of jurisdiction to the Western District of Oklahoma (OKWD).[2] Based on certain writings of Stilley, the District Court entered a scheduling order, granting Stilley time to challenge the transfer. This order specifically stated that if the District Judge wasn't satisfied of his jurisdiction in the OKWD, he would *vacate* the transfer.

Stilley in his pleading utterly annihilated any claim of jurisdiction in OKWD. The District Court admitted that he wasn't "sufficiently satisfied" of jurisdiction in the OKWD. However, instead of *vacating* the transfer order, he transferred the entire OKWD file, including all accusatory documents, to the Northern District of Oklahoma (OKND).

Stilley of course attacked the transfer. He cited caselaw stating that when jurisdiction is non-existent, the only thing left for the court to do is to dismiss. Stilley would cite that case here save for the fact that the mailroom

---

[2] The District Court in previous opinions has stated that such *sua sponte* orders are unconstitutional. Stilley has cited these opinions previously, but can't give citations now because he is denied access to the official record and has exceedingly limited computer time.

5

officer by his own admission won't deliver mail that thick. This mail consisted of about 100 pages of OKND pleadings, plus the full set of OKWD pleadings, plus the docket.

Consider for just a moment how easy it would be to comply with the law, if the District Court had willing personnel in the OKND office of US Probation. The District Court could simply allow them to file a brand new petition for warrant or summons, if they deemed such an action warranted. After all, it only took about a day (by appearances) to file the petition in the OKWD.

On information and belief, the District Judge transferred the case to OKWD because he didn't have anyone in the OKND willing to attack Stilley, in the face of his polite request for reasonable time for an opportunity to petition the court for modification and/or clarification of the special conditions of supervised release. There are no signatures of any OKND personnel on any of the accusatory documents.

Why else would the District Court not follow the simple approach, of quickly causing the production of new accusatory documents? Why rely on a summons issued by a court that admittedly doesn't have jurisdiction? Dkt. 739, see notes written by the clerk. Why confuse the record by prosecuting using docket numbers from a foreign jurisdiction?

How is Stilley to make his legal points concerning what transpired in the OKWD, when he doesn't even have the docket in that case? Stilley's adversaries prevent him from getting either the OKWD docket or docket items by US mail. From jail, without the record, Stilley can't even piece things together.

Stilley doesn't have the transcript, but some things are so momentous that the government should be willing to admit their truth. The District

Court at the beginning of the proceeding offered to forgive everything and terminate the revocation proceedings if Stilley would agree to comply going forward. He gave the parties 30 minutes to work out an agreement.

The parties did in fact work out an agreement. Stilley works for REVAMP (Remember Every Victim and Missing Person in US, Inc.). REVAMP gets files from governmental investigative agencies on condition that the files remain strictly confidential. Stilley also possesses attorney-client protected files and communications from the time that he was a licensed Arkansas attorney.

Jeff Gallant, counsel for the government, presented the agreement to the District Court. The agreement called for Patti Rush, President of REVAMP, to supervise Stilley's activities while he worked at the REVAMP office. REVAMP computers, logins, passwords, confidential files, etc., would thus be protected from disclosure, along with Stilley's attorney-client privileged information.

Upon hearing that the confidential information would be protected, the District Court abruptly stated that the revocation proceedings would proceed despite the agreement of the parties. At the conclusion of the hearing, he orally declared the finding of guilt, and a sentence of 3 months incarceration.

The District Court also renewed supervised release for an additional 33 months (33 months less the 3 months of incarceration). The District Court imposed the same special conditions as before. He informed Stilley that he needed to amend his motion for modification or clarification, within 21 days. Then he utterly crushed Stilley's ability to do that, by sending him to jail.[3]

---

[3]     The jail wrecks Stilley's ability to explain the attacks on his ability to plead effectively. Denying extra ounce stamps is just one of myriad attacks on due process. Suffice it to say that only with the utmost exertions has Stilley been able to prepare and file the instant pleadings, some 50 days after being locked up.

This amounts to a judicial override of the District Court's own ~~and~~ orders, both written and oral. Special Condition 3 says in pertinent part that "[T]he *probation officer* shall have authority to monitor all computer activity..."[4] (Emphasis added) The parties had just finished a session of negotiation and had entered an agreement satisfactory to the appropriate US Probation authorities, and counsel for the government.

That was directly contrary to what the District Court stated in open court at the beginning of the hearing, as well as the written language of the special conditions. The District Court neglected and failed to keep his own word, without explanation of reasons.

Stilley repeatedly asked for the identity of his accuser. Near the end of the proceedings, the US Attorney told the District Court, on the record, that Stilley is his own accuser.

Outrageous claims are usually made because the truth is even worse. On information and belief, the real accuser is the District Court. Consider the steps that bring us to this point. First, the District Court *sua sponte* transferred jurisdiction from OKND to OKWD, without the slightest advance notice or opportunity to be heard. Then he set a briefing schedule, stating that if he isn't convinced of jurisdiction in OKWD, he'll vacate the order of transfer. When the case law and facts show that Stilley is right, he refuses to vacate the offending order, choosing instead to send the accusations to OKND.

He compresses the schedule. He refuses to have the initial appearance required by FRCrP 32.1, basically on the theory that he thinks he can get away with it, despite a polite advance request. He fails to consider and rule

---

[4]   Stilley believes that judicial interference in supervision is condemned by the caselaw, but has neither time on the wretched "correctional version" of Fastcase, nor space in this pleading to make the point.

on the motion to modify and/or construe the special conditions - ever. He basically invites Stilley to ask again, more precisely, if he still wants the relief. He gives no reasons why he couldn't rule on that motion first, then address revocation issues.

At the revocation hearing, the District Court offers to "clear the slate" if Stilley is willing to comply going forward. Then when Stilley made such agreement, stated in open court on the record by counsel for the government, he once again neglects and fails to keep his own word. He directs the government to proceed with the prosecution, revokes supervised release, and immediately remands Stilley to custody. He denies a motion for stay of execution of sentence, without explanation of reasons.

There is *not one signature* from the OKND office of US Probation, on any of the accusatory papers. By everyone's estimation, they are the office with jurisdiction over the supervision of Stilley. Nobody in that office is Stilley's *accuser*, within the meaning of the 6th Amendment. Nobody in that office ever complained about Stilley's request to litigate the special conditions first, so as to have clarity on what is actually and lawfully required.

When a lawyer makes a breathtakingly audacious claim, it is usually because the truth is even worse. The facts of this case suggest that 1) the District Court transferred the case because OKND wouldn't prosecute, at least not on the District Court's schedule, 2) the District Court breached his written promise to *vacate* the transfer because he knew he still wouldn't have anyone *with jurisdiction* willing to prosecute, 3) the District Court overrode the considered judgment of the US Probation *having jurisdiction* simply because the agreement would protect attorney-client privileged materials as well as the confidential files of REVAMP. If this last proposition wasn't true, he could have announced some other reason from the bench. He didn't.

There are other solid reasons for the grant of a stay of execution of sentence. Stilley is out of room, in light of the refusal to sell extra ounce stamps. Stilley respectfully submits that the stated reasons are sufficient to support a stay of execution of sentence, pending appeal.

## CONCLUSION

This Court should grant a stay of execution of sentence pending appeal.

By: _/s/ Oscar Stilley_   1-12-2023
Oscar Stilley, Inmate # 1189798   Date
David L. Moss Correctional Center
300 North Denver
Tulsa, OK 74103
479.384.2303
oscarstilley@gmail.com

### PRISON MAILBOX RULE CERTIFICATE OF SERVICE

Stilley by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient US postage attached, addressed to the Clerk of the Court for filing and service via CM/ECF. There is no special system for legal mail.



TULSA OK 740
18 JAN 2023 PM 3 L

Oscar Stilley #1189798
Tulsa County Jail
300 N. Denver Ave.
Tulsa, OK 74103

Tenth Circuit Clerk
2 East 14th Avenue
Denver, CO 80203



RECEIVED
JAN 23 2023
Clerk, Court of Appeals