IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
|     **Plaintiff-Appellee** | ) |
| | ) No. 22-5113 |
| v. | ) |
| | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
|     **Defendant-Appellant** | ) |

**APPELLEE'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO REMAND AND MOTION TO STAY**

Defendant-Appellant Oscar Amos Stilley appeals the district court's revocation of his supervised release. He now moves to remand the case to the district court and to stay the execution of his sentence. For the reasons discussed below, this Court should deny both motions.

**Procedural History**

In 2009, defendant was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. 2). The indictment alleged that defendant conspired with co-defendant Lindsay Springer to defraud the United States and that defendant assisted Springer in evading Springer's tax obligations. (*Id.*) Springer and defendant were tax defiers

who promoted illegal tax evasion schemes and used defendant's client trust account to conceal income from the IRS.[1] *See United States v. Springer et al.*, 444 F. App'x 256, 259-60 (10th Cir. 2011). A jury convicted defendant and Springer on all counts. (Doc. 245.)

In 2010, the district court sentenced defendant to 180 months' incarceration, to be followed by three years of supervised release. (Doc. 338.) The court ordered defendant to pay restitution totaling $776,280. (*Id.* at 5.) The conditions of supervised release included, *inter alia*, the disclosure of defendant's financial information, the monitoring of defendant's computer activity (including the installation of remote monitoring software), and the disclosure of usernames and passwords for defendant's email and PayPal accounts. (*Id.* at 4.)

This Court affirmed defendant's convictions and sentence on direct appeal. *See Springer*, 444 F. App'x at 259. Defendant did not challenge the term of supervised release or any of the conditions of supervised release on direct appeal. *Id.* This Court also rejected defendant's challenge to his conviction pursuant to 28 U.S.C. § 2255. *See United States*

---

[1] Defendant was an attorney, but he was disbarred after his conviction in this case. *See Springer*, 444 Fed. App'x at 159.

-2-

*v. Stilley*, No. 22-5000, *available at* 2022 WL 1929112.

Defendant began his three-year term of supervised release on August 10, 2022. On August 24 and September 7, 2022, U.S. Probation notified the district court (Hon. Stephen P. Friot) that defendant had violated four different conditions of supervised release and recommended that the court revoke defendant's supervised release. *See United States v. Stilley*, W.D. Okla. Case No. 22-CR-00357, Doc. 6.[2] The petition explained how defendant had failed to comply with the conditions at issue: he refused to allow the installation of monitoring software on his computer, refused to provide required financial information, refused to provide the password to his email and PayPal

---

[2] Defendant's criminal case was based in the Northern District of Oklahoma, but after all of the district judges in the Northern District were recused, the case was assigned to the Honorable Stephen P. Friot of the Western District of Oklahoma. (Docs. 9, 24.) Shortly after defendant began his term of supervised release, the district court transferred jurisdiction from the Northern District to the Western District. (Doc. 733, 734.) The petition seeking revocation was thus initially filed in the Western District, but the district court later transferred the case back to the Northern District on November 3, 2022. (Doc. 737.) As the court explained in an order denying defendant's challenge to Judge Friot's authority, the Chief Judge of this Court authorized Judge Friot to preside in this case in a cross-designation order. (Doc. 736.)

accounts, and refused to complete a required monthly supervision report. *Id.*

The district court scheduled the revocation hearing for November 21, 2022. (Doc. 740.) The day before the hearing, defendant filed seven motions, including a motion to disqualify the district judge, a motion for the appointment of counsel, a motion for discovery, a motion to quash summons and to dismiss for lack of jurisdiction, a motion for a true and correct record, and a motion to modify the conditions of supervised release. (Docs. 744-750.)

During the revocation hearing, the district court directed defendant to supplement his motion seeking the appointment of counsel within 15 days. (Doc. 751.) The court also gave defendant 21 days to supplement his motion seeking modification of the conditions of supervised release with specific proposed modifications to the conditions. (Doc. 751.) The court denied the remaining motions. (*Id.*)

At the hearing, the district court heard testimony from the probation officer about defendant's various violations of the conditions of supervised release, and defendant cross-examined the probation

officer.[3] (Doc. 751.) The court found, by a preponderance of the evidence, that defendant had violated the conditions of supervised release that required the installation of monitoring software and the provision of information about online accounts. (Doc. 751, 752.) The court declined to rule on the allegations that defendant failed to provide required financial information. (Doc. 751.) The court sentenced defendant to three months' incarceration, to be followed by 33 months of supervised release. (*Id.*) The court denied defendant's oral motion to stay the execution of the sentence and for home confinement. (Doc. 751.)

Defendant filed a timely notice of appeal on December 8, 2022. (Doc. 756.) Defendant is currently incarcerated, with an anticipated release date of February 20, 2023.

## Argument

This Court should deny defendant's motions.

---

[3] The court reporter completed a preliminary version of the transcript on February 6, 2023, but the government does not yet have a copy of the preliminary transcript. (Doc. 768.) This Court ordered the government to respond to Stilley's motion by February 6, leaving insufficient time for a review of the transcript before filing its response.

**1. A remand is inappropriate**

Defendant appears to argue (Motion to Remand at 1, 7) that the judgment imposed by the district court is not a final appealable order because the district court declined to address two of the alleged supervised release violations. Defendant's argument fails because the district court properly exercised its discretion in sentencing defendant based on the two conditions the court found defendant violated.

A judgment revoking a defendant's supervised release and sentencing him to a term of incarceration is a final appealable order. *See, e.g., United States v. Lonjose*, 663 F.3d 1292, 1300 (10th Cir. 2011) (citing cases). This Court reviews a district court's decision to revoke supervised release for abuse of discretion. *United States v. Shakespeare*, 32 F.4th 1228, 1232 (10th Cir. 2022).

The supervised release statute provides that a district court "may" revoke a defendant's supervised release if the court "finds by a preponderance of the evidence that the defendant violated *a* condition of supervised release." 18 U.S.C. § 3583(e)(3) (emphasis added). Here, U.S. Probation alleged that defendant violated four conditions of supervised release. *See United States v. Stilley*, W.D. Okla. Case No. 22-CR-00357,

Doc. 6. After hearing evidence at the revocation hearing, the district court specifically found that defendant violated two of the conditions at issue and sentenced him based on those two violations. The fact that the district court opted not to make findings as to the other two allegations does not affect the finality of the court's judgment revoking defendant's supervised release. The subject of this appeal is the revocation judgment imposed by the court; defendant's apparent attempt to expand the appeal to include issues that the district court did not address in its judgment is inappropriate. Defendant does not cite any authority suggesting — contrary to 18 U.S.C. § 3583(e)(3)'s rule that a court need only find that the defendant "violated a condition of supervised release" to revoke release — that a district court must rule on every alleged violation of the conditions of supervised release, nor does he cite authority for his assertion that a remand is necessary here.[4]

    Defendant also challenges (Motion to Remand at 8-9) the validity

---

[4] Moreover, permitting appeal only when a court has expressly adjudicated every ground asserted in a revocation petition would potentially leave future defendant with no avenue for appeal of a sentence of incarceration following revocation of release when — as here — the district court decides it doesn't need to consider all the alleged violations to revoke release.

of the conditions of supervised release at issue and asserts that the district court should modify the conditions of supervised release. This argument is not properly before this Court. The conditions of supervised release were imposed when defendant was sentenced in 2010. (Doc. 338.) Defendant did not challenge the conditions of supervised release on direct appeal, and this court affirmed his convictions and sentence. The conditions of supervised release became law of the case when this Court affirmed defendant's sentence on direct appeal, and defendant cannot now challenge those conditions. *See, e.g., United States v. Morris*, 42 F. App'x 285, 288-89 (10th Cir. 2002) (holding that failure to challenge validity of conditions of supervised release on appeal meant that law of the case precluded the court from "revisiting" that issue); *United States v. Johnson*, 138 F.3d 115, 118 (4th Cir. 1998) (holding that appellate court lacked jurisdiction to consider challenge to conditions of supervised release raised in appeal of revocation); *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) ("the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding") (collecting

cases). The issue before the district court during the revocation hearing was whether defendant violated the conditions of supervised release that were imposed as part of his sentence, not whether those conditions were valid.

While defendant cannot challenge the conditions of supervised release in the instant appeal, the district court retains the authority to modify those conditions. *See* 18 U.S.C. § 3583(e)(2). Here, the district court has indicated that it will consider modifying the conditions of supervised release if defendant proposes specific modified conditions in a written motion. (Doc. 760, 765.) Defendant has thus far failed to do so, but the court has stated that it will consider defendant's proposed modifications if defendant chooses to file such a motion. (*Id.*)

In sum, the district court's order revoking defendant's supervised release is a final appealable order, and a remand is neither necessary nor appropriate.

**2. Defendant has not identified a substantial issue on appeal**

Defendant seeks a stay of the execution of his sentence, citing 18 U.S.C. § 3143, which governs release pending appeal. (Motion to Stay at 3.) That statute provides that "a person who has been found guilty of an

offense and sentenced to a term of imprisonment, and who subsequently files an appeal . . . shall be detained unless" specific conditions are met. 18 U.S.C. § 3143(b)(1) (emphasis added). The first condition is that the district court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person." *Id.* The second condition is that the appeal must not be for the purpose of delay and must "raise[] a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." *Id.* Once a defendant has been convicted and sentenced, the statutory presumption is detention pending appeal; a defendant bears the burden of proving his eligibility for release. Fed. R. Crim. P. 46(c); *United States v. Affleck*, 765 F.2d 944, 953-54 (10th Cir. 1985).

Defendant's claim for release pending appeal fails because, even assuming that he is not a flight risk or danger to the community, he fails to identify any substantial question on appeal. As discussed above, the conditions of supervised release that were imposed at sentencing in 2010

are the law of the case, and defendant cannot now challenge them. The only issue in the instant appeal is whether the district court properly exercised its discretion in revoking defendant's supervised release after finding that he had violated two conditions. The record reveals that the district court heard testimony from the probation officer at the revocation hearing, determined by a preponderance of the evidence that defendant had violated two different conditions of supervised release, and imposed a sentence of three months' incarceration, to be followed by 33 months of supervised release. (Doc. 751, 752.) The district court complied with the requirements of 18 U.S.C. 3583(e)(3) and Federal Rule of Criminal Procedure 32.1, and defendant has not identified any substantial question on appeal likely to result in reversal or a reduced sentence.[5]

In any event, even if defendant could challenge the conditions of

---

[5] Defendant argues (Motion to Stay at 8) that the district court failed to have the initial appearance required by Fed. R. Crim. P. 32.1(a). But the district court properly found that defendant was well aware of the allegations against him and the revocation procedures, as evidenced by the multiple motions defendant filed in response to the petition and the summons. (Doc. 742.) The court correctly held that an initial appearance was not necessary when defendant was already in possession of the relevant facts and had knowledge of the procedural rules at issue. (*Id.*, citing *United States v. Griggs*, 130 F. App'x 303, 305 (11th Cir. 2005); *United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014).)

supervised release on appeal, he cannot demonstrate that the conditions were improper. Monitoring defendant's computer activity allows U.S. Probation to ensure that he is complying with the conditions imposed by the district court. For example, Special Condition 5 provides that defendant shall not engage in the unlicensed practice of law, provide tax advice, or post material on the internet relating to federal or state taxation. (Doc. 338 at 4.) Requiring defendant to allow the installation of monitoring software and to provide online account information gives U.S. Probation some of the tools necessary to determine whether defendant has complied with this condition. *See, e.g.*, *United States v. Hanrahan*, 508 F.3d 962, 971 (10th Cir. 2007) (upholding special condition of supervised release designed to ensure that defendant was complying with the law).

Defendant contends (Motion to Stay at 5-6) that the district court lacked jurisdiction because the petition alleging his violations of supervised release was originally filed in the Western District of Oklahoma. While the petition was originally filed in the Western District, the district court transferred the case to the Northern District of Oklahoma before holding the revocation hearing. (Doc. 737.) The transfer of

jurisdiction was proper, as 18 U.S.C. § 3605 contemplates both that the sentencing court has jurisdiction over a defendant during supervised release and that jurisdiction may be transferred to a different district. *See also United States v. Johnson*, 861 F.3d 474, 479 n.18 (3d Cir. 2017) (recognizing that a probation office in one district may supervise a releasee on behalf of a probation office in a different district); Fed. R. Crim. P. 32.1 (contemplating the transfer of a person on supervised release to a district with jurisdiction). Because the revocation proceedings occurred in the Northern District, the district in which defendant was tried and sentenced, there was no issue with the court's jurisdiction. And, as the district court explained in an order denying defendant's challenge to Judge Friot's authority, the Chief Judge of this Court authorized Judge Friot to preside in this case in a cross-designation order. (Doc. 736.)

## Conclusion

For the foregoing reasons, this Court should deny defendant's motions to remand and to stay the execution of his sentence.

                                              Respectfully submitted,

                                              s/ Elissa Hart-Mahan

                                              ELISSA HART-MAHAN
                                              *Attorney*
                                              *Tax Division*
                                              *Department of Justice*
                                              *Post Office Box 972*
                                              *Washington, D.C.  20044*
                                              *(202) 305-7397*

Dated:  February 6, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2023, I electronically filed a PDF version of the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. A copy of the response was mailed to defendant at the following address:

> Oscar Stilley, Inmate # 1189798
> David L. Moss Correctional Center
> 300 North Denver
> Tulsa, OK  74103

s/ Elissa Hart-Mahan
ELISSA HART-MAHAN
*Attorney*
