FILED  
United States Court of Appeals  
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

February 13, 2023

Christopher M. Wolpert  
Clerk of Court

_____

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff - Appellee, | |
| v. | No. 22-5113 |
| OSCAR AMOS STILLEY, | (D.C. No. 4:09-CR-00043-SPF-2) (N.D. Okla.) |
| Defendant - Appellant. | |

_____

**ORDER**
_____

Before **BACHARACH** and **KELLY**, Circuit Judges.
_____

Oscar Amos Stilley, proceeding pro se, filed a motion for stay of execution of sentence pending appeal and an amended motion seeking that same relief. We construe his request as a motion for release pending appeal of the district court's order revoking his supervised release and remanding him to custody for three months. We consider his motion under 18 U.S.C. § 3143(b) and deny it.

A jury convicted Mr. Stilley of one count of conspiracy to defraud the United States and two counts of tax evasion. The district court sentenced him to 180 months' imprisonment to be followed by three years of supervised release. The conditions of supervised release included, among other things, the disclosure of Mr. Stilley's financial information, the monitoring of his computer activity (including the

installation of remote monitoring software), and the disclosure of usernames and passwords for his email and PayPal accounts.

On direct appeal, Mr. Stilley did not challenge the term of supervised release or any of the conditions of supervised release. We affirmed Mr. Stilley's convictions and sentence. *United States v. Springer*, 444 F. App'x 256, 259 (10th Cir. 2011).

Mr. Stilley began his term of supervised release on August 10, 2022. On August 24 and September 7, 2022, the probation office notified the district court that Mr. Stilley had violated four different conditions of supervised release and recommended that the court revoke his supervised release. After a hearing, the court found Mr. Stilley had violated the conditions of supervised release requiring the installation of monitoring software and the provision of information about online accounts. The court sentenced Mr. Stilley to three months' incarceration, to be followed by thirty-three months of supervised release. Mr. Stilley appealed the district court's order. He now seeks release pending appeal.

To warrant release under § 3143(b), Mr. Stilley must establish, among other criteria, that his appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, a non-custodial sentence, or a term of imprisonment less than he will have served by the end of the appeal. § 3143(b)(1)(B). "[A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (internal quotation marks omitted).

Mr. Stilley has failed to identify a substantial question of law or fact likely to result in reversal. Accordingly, we deny his motion for release pending appeal.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk